IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

IN RE:  REQUEST FROM THE
KALMYK REPUBLIC OF THE
RUSSIAN FEDERATION FOR LEGAL
ASSISTANCE IN THE CRIMINAL
MATTER OF  V.N. DAGINOV

No. 3:06 mc 4/MD

APPLICATION FOR ORDER PURSUANT TO
TITLE 28, UNITED STATES CODE, SECTION 1782

        The United States of America, by and through its counsel, Gregory R. Miller,

United States Attorney, and Leah Ann Butler, Assistant United States Attorney, applies to this

Court for an Order pursuant to Title 28, United States Code, Section 1782, the Treaty between

the United States of America and the Russian Federation on Mutual Assistance in Criminal

Matters, and the Court's own inherent authority, appointing Leah Ann Butler as Commissioner to

collect evidence from witnesses and to take such other action as is required to execute the

attached request from the Russian Federation made pursuant to the Treaty.

                        Respectfully submitted,

                        GREGORY R. MILLER
                        UNITED STATES ATTORNEY

                        *Leah Ann Butler*

                         LEAH ANN BUTLER
                        ASSISTANT UNITED STATES ATTORNEY
                        Florida Bar No.  0611697
                        21 East Garden Street, Suite 400
                        Pensacola, FL 32502
                        (850)444-4000

Dated: March 6, 2006

OFFICE OF CLERK
U.S. DISTRICT CT.
NORTHERN DIST. FLA.
PSACOLA  FL

2006 MAR -6  AM 11: 27

FILED

Приложение 77

# ПОСТАНОВЛЕНИЕ
## о производстве выемки

г. Элиста                                                          11 мая 2004 г.


Старший следователь отдела по расследованию особо важных дел следственного управления прокуратуры Республики Калмыкия Буцкая С.В., рассмотрев материалы уголовного дела № 101123,

## УСТАНОВИЛ:

Уголовное дело № 101123 возбуждено 26.12.2001 по признакам преступления, предусмотренного ч. 1 ст. 201 УК РФ, по факту злоупотребления Дагиновым В.Н. полномочиями первого заместителя генерального директора АООТ «Калмнефть».

Предварительным следствием установлено:

10.03.98 в гор. Москве руководством АООТ «Калмнефть» (Российская Федерация, Республика Калмыкия, гор. Элиста, ул. Пушкина, 50) с фирмой «Briarwise International Limited» (Ireland, 20 Clarnwilliam Terrace, Dublin 2, Eire) был подписан контракт № 003981003-AB о продаже этой ирландской фирме 1.000.000 тонн нефти. Впоследствии предполагалась дальнейшая поставка партии нефти фирме «Glencore International AG» (Baarermattstrasse 3, P.O. Box 555, CH-6341 Baar, Switzerland).

На основании данного контракта Дагинов, действуя по доверенности от имени АООТ «Калмнефть», 19.03.98 заключил трехстороннее соглашение о предоплате за поставку нефти с фирмами «Briarwise International Limited» и «Glencore International AG».

Во исполнение соглашения «Glencore International AG» 01.04.98 перечислила фирме «Briarwise International Limited» в счет поставки нефти от АООТ «Калмнефть» предоплату в размере 7.000.000 USD.

Из материалов дела следует, что Дагинов, будучи одним из руководителей АООТ «Калмнефть», одновременно являлся совладельцем «Glencore International AG» и председателем совета директоров «Briarwise International Limited». Последнее обстоятельство при заключении упомянутых выше контракта и соглашения было им сокрыто от акционеров АООТ «Калмнефть».

Воспользовавшись совмещением указанных должностей, действуя обманным путем в корыстных целях, Дагинов похитил значительную часть денежных средств, полученных фирмой «Briarwise International Limited» и подлежащих дальнейшему перечислению в адрес АООТ «Калмнефть».

Присвоение им было осуществлено путем перечисления со счета «Briarwise International Limited» более 1.390.000 USD на свой личный счет и счет

дочери, других лиц, а также переводом более 5.140.000 USD на счета фирм «Glenarch Limited», «Gilda Trading Co. Ltd.», «Ladesco Trading Co. Ltd.», «World Chess», «Amerco Oil International Ltd.», «Parus Management», «Glencore Oil Projects AG» («GOPAG»).

В результате хищения и злоупотребления Дагиновым своими полномочиями фирме «Калмнефть» причинен финансовый ущерб на сумму более 6.500.000 USD.

По имеющимся в деле сведениям, часть похищенных денег Дагинов перечислил со счета фирмы «Briarwise International Limited» в банке «Citibank N.A. New York» (USA, New York, NY) на счет № 0463228478423, принадлежащий фирме «World Chess», открытый в банке «Credit Suisse First Boston» (USA,York, NY).

Для документального подтверждения указанных сведений, а также для установления лиц, причастных к перечислению похищенных денег, необходимо произвести выемку в банке «Citibank N.A. New York» (USA, New York, NY) следующих подлинных документов:

- юридического дела (учредительных, регистрационных документов, договора об открытии счета, карточки с образцами подписей и других) банковского счета, принадлежащего фирме «Briarwise International Limited»,

- всех документов, отражающих движение денег по счету с момента его открытия по настоящее время, в том числе, банковских документов, подтверждающих перечисление 10.06.98 на счет № 0463228478423 фирмы «World Chess», открытый в банке «Credit Suisse First Boston» (USA, New York, NY) 500 000 USD.

На основании изложенного и руководствуясь частью первой ст. 183 УПК РФ,

## П О С Т А Н О В И Л:

1. Произвести выемку в банке «Citibank N.A. New York» (USA, New York, NY) следующих подлинных документов:

- юридического дела (учредительных, регистрационных документов, договора об открытии счета, карточки с образцами подписей и других) банковского счета, принадлежащего фирме «Briarwise International Limited»,

- всех документов, отражающих движение денег по счету с момента его открытия по настоящее время, в том числе, банковских документов, подтверждающих перечисление 10.06.98 на счет № 0463228478423 фирмы «World Chess», открытый в банке «Credit Suisse First Boston» (USA, New York, NY) 500 000 USD.

2. Копию настоящего постановления направить прокурору Республики Калмыкия.

3

Постановление мне предъявлено «____»_____ г. в __ ч

____ мин._____
(фамилия, имя, отчество лица, у которого производится выемка)

_____
( подпись лица, у которого производится выемка)

Следователь                          _____
(подпись)



## R E S O L U T I O N
### about making a withdrawal

the town of Elista                                        May 11, 2004

Butskaya S.V., an investigator of the Prosecutor's Office of the Kalmyk Republic having considered the materials of criminal case № 101123

## HAS FOUND OUT:

Criminal case № 101123 was initiated on the 26th of December, 2001 against Daginov V.N., the citizen of the Russian Federation on the abuse of his first deputy director's power in the Joint stock company "Kalmneft", his actions being the sign of the crime  stipulated by part 1, article 201 of the Criminal code of the Russia Federation.

During the preliminary investigation the following facts has been established:

On March 10, 1998 in Moscow the leaders of the JSC "Kalmneft" (50 Pushkin Street, the town of Elista, Kalmykia, Russia) and the firm " Briarwise International Limited " (Ireland, 20 Clarnwilliam Terrace, Dublin 2, Eire) made contract № 003981003-AB about delivery of 1.000.000 tons of petroleum to this Irish firm. Later on they planned to deliver some quantity of petroleum to the firm " Glencore International AG " (Baarermattstrasse 3, P.O. Box 555, CH-6341 Baar, Switzerland).

On March 19, 1998 on the basis of the above-mentioned contract Daginov empowered to act for the JSC "Kalmneft" concluded the tripartite agreement on an advanced payment for the delivery of petroleum with " Briarwise International Limited " and " Glencore International AG ".

To fulfill the agreement the firm " Glencore International AG " on April 1, 1998 transferred 7.000.000 USD as an advanced payment to the firm "Briarwise International Limited " on account of petroleum delivery from the JSC "Kalmneft".

As it follows from the materials of the criminal case Daginov, being one of the chiefs of the JSC "Kalmneft", at the same time was a joint owner of " Glencore International AG " and the chairman of the board of directors of " Briarwise International Limited ". On making the above-mentioned contract and agreement the latter circumstance was concealed by him from the shareholders of the JSC "Kalmneft".

Having  held the mentioned offices in the  mercenary purposes, Daginov misappropriated a significant part of the money resources received by the firm " Briarwise International Limited " which were meant to the further transferring to the JSC "Kalmneft".



He managed to embezzle by transferring more than 1.390.000 USD on his personal, his daughter's and other persons' bank accounts, and besides he transferred more than 5.140.000 USD on the accounts of the firms listed below: " Glenarch Limited ", " Gilda Trading Co. Ltd. ", " Ladesco Trading Co. Ltd. ", " World Chess ", " Amerco Oil International Ltd. ", " Parus Management ", " Glencore Oil Projects AG " ("GOPAG").

As a result of embezzlement and abusing of his powers, Daginov caused financial damages to the JSC "Kalmneft" estimated at more than 6.500.000. USD.

On the basis of the information available Daginov transferred a part of the embezzled money from the account of the firm "Briarwise International Limited" opened in the bank "Citibank N.A. New York" (USA, New York, NY) on account № 0463228478423, which was opened in the bank "Credit Suisse First Boston" (USA, New York, NY) and belongs to the firm "World Chess".

In order to get the documentary evidence of the stated facts and to ascertain the persons involved in the transferring of the embezzled money, it is necessary to withdraw the following original documents in the bank "Citibank N.A. New York" (USA, New York, NY):

— the legal file (the constitutive and registration documents, the contract on the opening of the account, the card with the samples of the signature, and other documents) of the bank account that belongs to the firm "Briarwise International Limited",

— all the documents reflecting the money movement within the above-mentioned account from the moment of its opening till the present time, including the bank documents, which confirm the transferring of 500.000 USD dated the 10th of June 1998 on account № 0463228478423 that was opened in the bank "Credit Suisse First Boston" (USA, New York, NY) and belongs to the firm "World Chess".

On the basis of the stated facts and guided by Part 1, Article 183 of the Criminal-remedial code of the Russian Federation the investigator

## HAS ESTABLISHED:

1. To withdraw the following original documents in the bank "Citibank N.A. New York" (USA, New York, NY):

— the legal file (the constitutive and registration documents, the contract on the opening of the account, the card with the samples of the signature, and other documents) of the bank account that belongs to the firm "Briarwise International Limited",

— all the documents reflecting the money movement within the above-mentioned account from the moment of its opening till the present time, including the bank documents, which confirm the transferring of 500.000 USD dated the 10th of June 1998 on account № 0463228478423 that was opened in the bank "Credit Suisse First Boston" (USA, New York, NY) and belongs to the firm "World Chess".

    2. The copy of this resolution should be sent to the Prosecutor's Office of the Kalmyk Republic.

The investigator                                                      Butskaya S.V.

The resolution has been produced to me «_____» _____ at

_____a.m/p.m_____
                     (the surname, the name and the patronymic of the person involved in the withdrawal)

                                          (the signature of the person involved in the withdrawal)

The investigator

                                                  (signature)

Перевод выполнен
ассистентом кафедры
иностранных языков
Калмыцкого государственного
бернкого университета

Верность перевода удостоверено
переводчик (подпись) Буркаева О.Z.



# ПОСТАНОВЛЕНИЕ

## о производстве выемки

г. Элиста                                              11 мая 2004 г.


Старший следователь отдела по расследованию особо важных дел следственного управления прокуратуры Республики Калмыкия Буцкая С.В., рассмотрев материалы уголовного дела № 101123,

## УСТАНОВИЛ:

Уголовное дело № 101123 возбуждено 26.12.2001 по признакам преступления, предусмотренного ч. 1 ст. 201 УК РФ, по факту злоупотребления Дагиновым В.Н. полномочиями первого заместителя генерального директора АООТ «Калмнефть».

Предварительным следствием установлено:

10.03.98 в гор. Москве руководством АООТ «Калмнефть» (Российская Федерация, Республика Калмыкия, гор. Элиста, ул. Пушкина, 50) с фирмой «Briarwise International Limited» (Ireland, 20 Clarnwilliam Terrace, Dublin 2, Eire) был подписан контракт № 003981003-AB о продаже этой ирландской фирме 1.000.000 тонн нефти. Впоследствии предполагалась дальнейшая поставка партии нефти фирме «Glencore International AG» (Baarermattstrasse 3, P.O. Box 555, CH-6341 Baar, Switzerland).

На основании данного контракта Дагинов, действуя по доверенности от имени АООТ «Калмнефть», 19.03.98 заключил трехстороннее соглашение о предоплате за поставку нефти с фирмами «Briarwise International Limited» и «Glencore International AG».

Во исполнение соглашения «Glencore International AG» 01.04.98 перечислила фирме «Briarwise International Limited» в счет поставки нефти от АООТ «Калмнефть» предоплату в размере 7.000.000 USD.

Из материалов дела следует, что Дагинов, будучи одним из руководителей АООТ «Калмнефь», одновременно являлся совладельцем «Glencore International AG» и председателем совета директоров «Briarwise International Limited». Последнее обстоятельство при заключении упомянутых выше контракта и соглашения было им сокрыто от акционеров АООТ «Калмнефть».

Воспользовавшись совмещением указанных должностей и действуя обманным путем в корыстных целях, Дагинов похитил значительную часть денежных средств, полученных фирмой «Briarwise International Limited» и подлежащих дальнейшему перечислению в адрес АООТ «Калмнефть».

Присвоение им было осуществлено путем перечисления со счета «Briarwise International Limited» более 1.390.000 USD на свой личный счет и счет

дочери, других лиц, а также переводом более 5.140.000 USD на счета фирм «Glenarch Limited», «Gilda Trading Co. Ltd.», «Ladesco Trading Co. Ltd.», «World Chess», «Amerco Oil International Ltd.», «Parus Management», «Glencore Oil Projects AG» («GOPAG»).

В результате хищения и злоупотребления Дагиновым своими полномочиями фирме «Калмнефть» причинен финансовый ущерб на сумму более 6.500.000 USD.

По имеющимся в деле сведениям, часть похищенных денег Дагинов перечислил со счета «Briarwise International Limited» на счета фирмы «Amerco Oil International Ltd.», совладельцем которой являлся.

Фирма «Amerco Oil International Ltd.» зарегистрирована в Delaware registered company (USA).

Для документального подтверждения указанных сведений, а также для установления лиц, причастных к перечислению похищенных денег, необходимо произвести выемку в офисе фирмы «Amerco Oil International Ltd.» (USA) подлинников регистрационных, учредительных документов и документов по деятельности фирмы, в том числе:

- перечня акционеров, владельцев, руководителей компании с указанием их анкетных данных и адресов,

- перечня филиалов и дочерних фирм с указанием их адресов, включая за пределами Соединенных Штатов Америки,

- перечня банков, услугами которых пользовалась фирма, с указанием их адресов и номеров счетов,

- всех контрактов и соглашений по деятельности с фирмами «Briarwise International Limited», «Glenarch Limited», «Gilda Trading Co. Ltd.», «World Chess», «Parus Management», «Glencore Oil Projects AG» («GOPAG»), «Ladesco Trading Co. Ltd.».

На основании изложенного и руководствуясь частью первой ст. 183 УПК РФ,

## ПОСТАНОВИЛ:

1. Произвести выемку в офисе фирмы «Amerco Oil International Ltd.» (USA) подлинников регистрационных, учредительных документов и документов по деятельности фирмы, в том числе:

- перечня акционеров, владельцев, руководителей компании с указанием их анкетных данных и адресов,

- перечня филиалов и дочерних фирм с указанием их адресов, включая за пределами Соединенных Штатов Америки,

- перечня банков, услугами которых пользовалась фирма с указанием их адресов и номеров счетов,

- всех контрактов и соглашений по деятельности с фирмами «Briarwise International Limited», «Glenarch Limited», «Gilda Trading Co. Ltd.», «World Chess», «Parus Management», «Glencore Oil Projects AG» («GOPAG»), «Ladesco Trading Co. Ltd.».

2. Копию настоящего постановления направить прокурору Республики Калмыкия.

Следователь                                  С.В. Буцкая

Постановление мне предъявлено «\_\_\_\_»_____ г. в \_\_ ч

\_\_\_ мин._____
(фамилия, имя, отчество лица, у которого производится выемка)

_____
( подпись лица, у которого производится выемка)

Следователь                           _____
( подпись)



# RESOLUTION
about making a withdrawal

the town of Elista

May 11, 2004

Butskaya S.V., an investigator of the Prosecutor's Office of the Kalmyk Republic having considered the materials of criminal case № 101123

## HAS FOUND OUT:

Criminal case № 101123 was initiated on the 26th of December, 2001 against Daginov V.N., the citizen of the Russian Federation on the abuse of his first deputy director's power in the Joint stock company "Kalmneft", his actions being the sign of the crime stipulated by part 1, article 201 of the Criminal code of the Russian Federation.

During the preliminary investigation the following facts has been established:

On March 10, 1998 in Moscow the leaders of the JSC "Kalmneft" (50 Pushkin Street, the town of Elista, Kalmykia, Russia) and the firm " Briarwise International Limited " (Ireland, 20 Clarnwilliam Terrace, Dublin 2, Eire) made contract № 003981003-AB about delivery of 1.000.000 tons of petroleum to this Irish firm. Later on they planned to deliver some quantity of petroleum to the firm " Glencore International AG " (Baarermattstrasse 3, P.O. Box 555, CH-6341 Baar, Switzerland).

On March 19, 1998 on the basis of the above-mentioned contract Daginov empowered to act for the JSC "Kalmneft" concluded the tripartite agreement on an advanced payment for the delivery of petroleum with " Briarwise International Limited " and " Glencore International AG ".

To fulfill the agreement the firm " Glencore International AG " on April 1, 1998 transferred 7.000.000 USD as an advanced payment to the firm "Briarwise International Limited " on account of petroleum delivery from the JSC "Kalmneft".

As it follows from the materials of the criminal case Daginov, being one of the chiefs of the JSC "Kalmneft", at the same time was a joint owner of " Glencore International AG " and the chairman of the board of directors of " Briarwise International Limited ". On making the above-mentioned contract and agreement the latter circumstance was concealed by him from the shareholders of the JSC "Kalmneft".

Having held the mentioned offices in the mercenary purposes Daginov misappropriated a significant part of the money resources received by the firm Briarwise International Limited " which were meant to the further transferring to the JSC "Kalmneft".

He managed to embezzle by transferring more than 1.390.000 USD on his personal, his daughter's and other persons' bank accounts, and besides he transferred more than 5.140.000 USD on the accounts of the firms listed below: " Glenarch Limited ", " Gilda Trading Co. Ltd. ", " Ladesco Trading Co. Ltd. ", " World Chess ", " Amerco Oil International Ltd. ", " Parus Management ", " Glencore Oil Projects AG " ("GOPAG").

As a result of embezzlement and abusing of his powers, Daginov caused financial damages to the JSC "Kalmneft" estimated at more than 6.500.000. USD.

On the basis of the information available Daginov transferred a part of the stolen money from the account of "Briarwise International Limited" to the accounts of the firm "Amerco Oil International Ltd.", he being the joint-owner of the firm.

The firm "Amerco Oil International Ltd." was registered in Delaware registered company (USA).

In order to get the documentary evidence of the stated facts and to establish the persons involved in the transferring of the embezzled money, it is necessary to withdraw the original registration and constitutive documents, and the documents on the activity of the firm in "Amerco Oil International Ltd." (USA), including:

— the list of the shareholders, owners, chiefs of the firm, indicating their personal particulars and addresses,

— the list of the branch offices and filial firms, indicating their addresses both in the USA and abroad,

— the list of the banks, whose services the firm made use of, indicating their addresses and numbers of the accounts,

— all the contracts and agreements on the cooperation with the following firms: "Briawise International Limited", "Glenarch Limited", "Parus Management", "Gilda Trading Co. Ltd.", "World Chess", "Glencore Oil Projects AG" ("GOPAG"), "Ladesco Trading Co. Ltd.".

On the basis of the stated facts and guided by Part 1, Article 183 of the Criminal-remedial code of the Russian Federation the investigator

## HAS ESTABLISHED:

1. To withdraw the original registration and constitutive documents, and the documents on the activity of the firm in "Amerco Oil International Ltd." (USA), including:

— the list of the shareholders, owners, chiefs of the firm, indicating their personal particulars and addresses,

— the list of the branch offices and filial firms, indicating their addresses both in the USA and abroad,

— the list of banks, whose services the firm made use of, indicating their addresses and numbers of the accounts,

— all the contracts and agreements on the cooperation with the following firms: "Briawise International Limited", "Glenarch Limited", "Parus

Management", "Gilda Trading Co. Ltd.", "World Chess", "Glencore Oil Projects AG" ("GOPAG"), "Ladesco Trading Co. Ltd.".

2. The copy of this resolution should be sent to the Prosecutor's Office of the Kalmyk Republic.

The investigator                                        Butskaya S.V.

The resolution has been produced to me «_____»_____ at

_____a.m/p.m_____
                              (the surname, the name and the patronymic of the person involved in the withdrawal)

_____
                    (the signature of the person involved in the withdrawal)

The investigator                                        _____
                                                              (the signature)



*Перевод приложен ассистентом кафедры иностранных языков Калмыцкого государственного университета. Верность перевода удостоверяю переводчик СГУ Беррукова О.2.*

# ПОСТАНОВЛЕНИЕ
о производстве выемки

г. Элиста                                              11 мая 2004 г.

Старший следователь отдела по расследованию особо важных дел следственного управления прокуратуры Республики Калмыкия Буцкая С.В., рассмотрев материалы уголовного дела № 101123,

## УСТАНОВИЛ:

Уголовное дело № 101123 возбуждено 26.12.2001 по признакам преступления, предусмотренного ч. 1 ст. 201 УК РФ, по факту злоупотребления Дагиновым В.Н. полномочиями первого заместителя генерального директора АООТ «Калмнефть».

Предварительным следствием установлено:

10.03.98 в гор. Москве руководством АООТ «Калмнефть» (Российская Федерация, Республика Калмыкия, гор. Элиста, ул. Пушкина, 50) с фирмой «Briarwise International Limited» (Ireland, 20 Clarnwilliam Terrace, Dublin 2, Eire) был подписан контракт № 003981003-АВ о продаже этой ирландской фирме 1.000.000 тонн нефти. Впоследствии предполагалась дальнейшая поставка партии нефти фирме «Glencore International AG» (Baarermattstrasse 3, P.O. Box 555, CH-6341 Baar, Switzerland).

На основании данного контракта Дагинов, действуя по доверенности от имени АООТ «Калмнефть», 19.03.98 заключил трехстороннее соглашение о предоплате за поставку нефти с фирмами «Briarwise International Limited» и «Glencore International AG».

Во исполнение соглашения «Glencore International AG» 01.04.98 перечислила фирме «Briarwise International Limited» в счет поставки нефти от АООТ «Калмнефть» предоплату в размере 7.000.000 USD.

Из материалов дела следует, что Дагинов, будучи одним из руководителей АООТ «Калмнефь», одновременно являлся совладельцем «Glencore International AG» и председателем совета директоров «Briarwise International Limited». Последнее обстоятельство при заключении упомянутых выше контракта и соглашения было им скрыто от акционеров АООТ «Калмнефть».

Воспользовавшись совмещением указанных должностей и действуя обманным путем в корыстных целях, Дагинов похитил значительную часть денежных средств, полученных фирмой «Briarwise International Limited» и подлежащих дальнейшему перечислению в адрес АООТ «Калмнефть».

Присвоение им было осуществлено путем перечислений со счета «Briarwise International Limited» более 1.390.000 USD на свой личный счет и счет

дочери, других лиц, а также переводом более 5.140.000 USD на счета фирм «Glenarch Limited», «Gilda Trading Co. Ltd.», «Ladesco Trading Co. Ltd.», «World Chess», «Amerco Oil International Ltd.», «Parus Management», «Glencore Oil Projects AG» («GOPAG»).

В результате хищения и злоупотребления Дагиновым своими полномочиями фирме «Калмнефть» причинен финансовый ущерб на сумму более 6.500.000 USD.

По имеющимся в деле сведениям, часть похищенных денег Дагинов перечислил со счета «Briarwise International Limited» на счета фирмы «Amerco Oil International Ltd.», совладельцем которой являлся.

Фирма «Amerco Oil International Ltd.» зарегистрирована в Delaware registered company (USA).

Для документального подтверждения указанных сведений, а также для установления лиц, причастных к перечислению похищенных денег, необходимо произвести выемку в Delaware registered company (USA) подлинников регистрационных, учредительных документов и документов по деятельности фирмы «Amerco Oil International Ltd.», в том числе:

- перечня акционеров, владельцев, руководителей компании с указанием их анкетных данных и адресов,

- перечня филиалов и дочерних фирм с указанием их адресов, включая за пределами Соединенных Штатов Америки,

- перечня банков, услугами которых пользовалась фирма, с указанием их адресов и номеров счетов,

- всех контрактов и соглашений по деятельности с фирмами «Briarwise International Limited», «Glenarch Limited», «Gilda Trading Co. Ltd.», «World Chess», «Parus Management», «Glencore Oil Projects AG» («GOPAG»), «Ladesco Trading Co. Ltd.».

На основании изложенного и руководствуясь частью первой ст. 183 УПК РФ,

ПОСТАНОВИЛ:

1. Произвести выемку в Delaware registered company (USA) подлинников регистрационных, учредительных документов и документов по деятельности фирмы «Amerco Oil International Ltd.», в том числе:

- перечня акционеров, владельцев, руководителей компании с указанием их анкетных данных и адресов,

- перечня филиалов и дочерних фирм с указанием их адресов, включая за пределами Соединенных Штатов Америки,

- перечня банков, услугами которых пользовалась фирма, с указанием их адресов и номеров счетов,

- всех контрактов и соглашений по деятельности с фирмами «Briarwise International Limited», «Glenarch Limited», «Gilda Trading Co. Ltd.», «World Chess», «Parus Management», «Glencore Oil Projects AG» («GOPAG»), «Ladesco Trading Co. Ltd.».

3

2. Копию настоящего постановления направить прокурору Республики Калмыкия.

Следователь                                              С.В. Буцкая

Постановление мне предъявлено «____»_____ г. в __ ч

____ мин._____

(фамилия, имя, отчество лица, у которого производится выемка)

_____

( подпись лица, у которого производится выемка)

Следователь                              _____

( подпись)



Enclosure 77

# RESOLUTION
about making a withdrawal

the town of Elista                                    May 11, 2004

Butskaya S.V., an investigator of the Prosecutor's Office of the Kalmyk Republic having considered the materials of criminal case № 101123

## HAS FOUND OUT:

Criminal case № 101123 was initiated on the 26th of December, 2001 against Daginov V.N., the citizen of the Russian Federation on the abuse of his first deputy director's power in the Joint stock company "Kalmneft", his actions being the sign of the crime stipulated by part 1, article 201 of the Criminal code of the Russian Federation.

During the preliminary investigation the following facts has been established:

On March 10, 1998 in Moscow the leaders of the JSC "Kalmneft" (50 Pushkin Street, the town of Elista, Kalmykia, Russia) and the firm " Briarwise International Limited " (Ireland, 20 Clarnwilliam Terrace, Dublin 2, Eire) made contract № 003981003-AB about delivery of 1.000.000 tons of petroleum to this Irish firm. Later on they planned to deliver some quantity of petroleum to the firm " Glencore International AG " (Baarermattstrasse 3, P.O. Box 555, CH-6341 Baar, Switzerland).

On March 19, 1998 on the basis of the above-mentioned contract Daginov empowered to act for the JSC "Kalmneft" concluded the tripartite agreement on an advanced payment for the delivery of petroleum with " Briarwise International Limited " and " Glencore International AG ".

To fulfill the agreement the firm " Glencore International AG " on April 1, 1998 transferred 7.000.000 USD as an advanced payment to the firm "Briarwise International Limited " on account of petroleum delivery from the JSC "Kalmneft".

As it follows from the materials of the criminal case Daginov, being one of the chiefs of the JSC "Kalmneft", at the same time was a joint owner of " Glencore International AG " and the chairman of the board of directors of " Briarwise International Limited ". On making the above-mentioned contract and agreement the latter circumstance was concealed by him from the shareholders of the JSC "Kalmneft".

Having held the mentioned offices in the mercenary purposes Daginov misappropriated a significant part of the money resources received by the firm " Briarwise International Limited " which were meant to the further transferring to the JSC "Kalmneft".

He managed to embezzle by transferring more than 1.390.000 USD on his personal, his daughter's and other persons' bank accounts, and besides he transferred more than 5.140.000 USD on the accounts of the firms listed below: " Glenarch Limited ", " Gilda Trading Co. Ltd. ", " Ladesco Trading Co. Ltd. ", " World Chess ", " Amerco Oil International Ltd. ", " Parus Management ", " Glencore Oil Projects AG " ("GOPAG").

As a result of embezzlement and abusing of his powers, Daginov caused financial damages to the JSC "Kalmneft" estimated at more than 6.500.000. USD.

On the basis of the information available Daginov transferred a part of the embezzled money from the account of "Briarwise International Limited" to the accounts of the firm "Amerco Oil International Ltd.", he being the joint-owner of the firm.

The firm "Amerco Oil International Ltd." was registered in Delaware registered company (USA).

In order to get the documentary evidence of the stated facts and to establish the persons involved in the transferring of the embezzled money, it is necessary to withdraw the original registration and constitutive documents, and the documents on the activity of the firm "Amerco Oil International Ltd." at Delaware registered company (USA), including:

— the list of the shareholders, owners, chiefs of the firm, indicating their personal particulars and addresses,

— the list of the branch offices and filial firms, indicating their addresses both in the USA and abroad,

— the list of the banks, whose services the firm made use of, indicating their addresses and numbers of the accounts,

— all the contracts and agreements on the cooperation with the following firms: "Briawise International Limited", "Glenarch Limited", "Parus Management", "Gilda Trading Co. Ltd.", "World Chess", "Glencore Oil Projects AG" ("GOPAG"), "Ladesco Trading Co. Ltd.".

On the basis of the stated facts and guided by Part 1, Article 183 of the Criminal-remedial code of the Russian Federation the investigator

## H A S   E S T A B L I S H E D:

1. To withdraw the original registration and constitutive documents, and the documents on the activity of the firm "Amerco Oil International Ltd." (USA) at Delaware registered company (USA), including:

— the list of the shareholders, owners, chiefs of the firm, indicating their personal particulars and addresses,

— the list of the branch offices and filial firms, indicating their addresses both in the USA and abroad,

— the list of the banks, whose services the firm made use of, indicating their addresses and numbers of the accounts,

— all the contracts and agreements on the cooperation with the following

Management", "Gilda Trading Co. Ltd.", "World Chess", "Glencore Oil Projects AG" ("GOPAG"), "Ladesco Trading Co. Ltd.".

2. The copy of this resolution should be sent to the Prosecutor's Office of the Kalmyk Republic.

The investigator                                                   Butskaya S.V.

The resolution has been produced to me «_____»_____ at

_____ a.m/p.m_____

(the surname, the name and the patronymic of the person involved in the withdrawal)

_____

(the signature of the person involved in the withdrawal)

The investigator                                                   _____
                                                                          (the signature)

_Перевод канцелярии
ассистентом кафедры
иностранных языков
Калмыцкого государства -
берного Света техники
Верность перевода удостоверяю
редактория Бог Буррова О.2._



Приложение 77

# ПОСТАНОВЛЕНИЕ
о производстве выемки

г. Элиста

11 мая 2004 г.

Старший следователь отдела по расследованию особо важных дел следственного управления прокуратуры Республики Калмыкия Буцкая С.В., рассмотрев материалы уголовного дела № 101123,

## УСТАНОВИЛ:

Уголовное дело № 101123 возбуждено 26.12.2001 по признакам преступления, предусмотренного ч. 1 ст. 201 УК РФ, по факту злоупотребления Дагиновым В.Н. полномочиями первого заместителя генерального директора АООТ «Калмнефть».

Предварительным следствием установлено:

10.03.98 в гор. Москве руководством АООТ «Калмнефть» (Российская Федерация, Республика Калмыкия, гор. Элиста, ул. Пушкина, 50) с фирмой «Briarwise International Limited» (Ireland, 20 Clarnwilliam Terrace, Dublin 2, Eire) был подписан контракт № 003981003-AB о продаже этой ирландской фирме 1.000.000 тонн нефти. Впоследствии предполагалась дальнейшая поставка партии нефти фирме «Glencore International AG» (Baarermattstrasse 3, P.O. Box 555, CH-6341 Baar, Switzerland).

На основании данного контракта Дагинов, действуя по доверенности от имени АООТ «Калмнефть», 19.03.98 заключил трехстороннее соглашение о предоплате за поставку нефти с фирмами «Briarwise International Limited» и «Glencore International AG».

Во исполнение соглашения «Glencore International AG» 01.04.98 перечислила фирме «Briarwise International Limited» в счет поставки нефти от АООТ «Калмнефть» предоплату в размере 7.000.000 USD.

Из материалов дела следует, что Дагинов, будучи одним из руководителей АООТ «Калмнефь», одновременно являлся совладельцем «Glencore International AG» и председателем совета директоров «Briarwise International Limited». Последнее обстоятельство при заключении упомянутых выше контракта и соглашения было им сокрыто от акционеров АООТ «Калмнефть».

Воспользовавшись совмещением указанных должностей и действуя обманным путем в корыстных целях, Дагинов похитил значительную часть денежных средств, полученных фирмой «Briarwise International Limited» и подлежащих дальнейшему перечислению в адрес АООТ «Калмнефть».

Присвоение им было осуществлено путем перечисления со счета «Briarwise International Limited» более 1.390.000 USD на свой личный счет, счет дочери, других лиц, а также переводом более 5.140.000 USD на счета фирм «Glenarch Limited», «Gilda Trading Co. Ltd.», «Ladesco Trading Co. Ltd.»,

2

«World Chess», «Amerco Oil International Ltd.», «Parus Management», «Glencore Oil Projects AG» («GOPAG»).

В результате хищения и злоупотребления Дагиновым своими полномочиями фирме «Калмнефть» причинен финансовый ущерб на сумму более 6.500.000 USD.

По имеющимся в деле сведениям, часть похищенных денег Дагинов перечислил со счета фирмы «Briarwise International Limited» на счет № 0017926585 фирмы «Gilda Trading Co. Ltd.», владелицей которой является его дочь - Galina (Gilana) Daginova, открытый в банке «Bank of Washington» (Seattle, WA).

Для документального подтверждения указанных сведений, а также для установления лиц, причастных к перечислению похищенных денег, необходимо произвести выемку в банке «Bank of Washington» (USA, 1420 Fifth Ave, Seattle, WA, ABA: 125000105) следующих подлинных документов:

- юридического дела (учредительных, регистрационных документов, договора об открытии счета, карточки с образцами подписи и других) владельца счета № 0017926585,

- всех документов, отражающих движение денег по счету с момента его открытия по настоящее время, в том числе банковских документов, подтверждающих перечисление на этот счет фирой «Briarwise International Limited» следующих сумм:

06.04.98 -    500.000 USD,
06.04.98 -    8.329 USD,
21.04.98 -    400.000 USD.

На основании изложенного и руководствуясь частью первой ст. 183 УПК РФ,

П О С Т А Н О В И Л:

1. Произвести выемку в банке «Bank of Washington» (USA, 1420 Fifth Ave, Seattle, WA, ABA: 125000105) следующих подлинных документов:

- юридического дела (учредительных, регистрационных документов, договора об открытии счета, карточки с образцами подписи и других) владельца счета № 0017926585,

- всех документов, отражающих движение денег по счету с момента его открытия по настоящее время, в том числе банковских документов, подтверждающих перечисление на этот счет фирмой «Briarwise International Limited» следующих сумм:

06.04.98 -    500.000 USD,
06.04.98 -    8.329 USD,
21.04.98 -    400.000 USD.

2. Копию настоящего постановления направить прокурору Республики Калмыкия.



Постановление мне предъявлено «_____»_____ г. в ___ ч

___ мин._____
(фамилия, имя, отчество лица, у которого производится выемка)

_____
( подпись лица, у которого производится выемка)

Следователь

_____
(подпись)



Enclosure 77

## R E S O L U T I O N
### about making a withdrawal

the town of Elista
May 11, 2004

Butskaya S.V., an investigator of the Prosecutor's Office of the Kalmyk Republic having considered the materials of criminal case № 101123

## H A S  F O U N D  O U T:

Criminal case № 101123 was initiated on the 26th of December, 2001 against Daginov V.N., the citizen of the Russian Federation on the abuse of his first deputy director's power in the Joint stock company "Kalmneft", his actions being the sign of the crime stipulated by part 1, article 201 of the Criminal code of the Russian Federation.

During the preliminary investigation the following facts has been established:

On March 10, 1998 in Moscow the leaders of the JSC "Kalmneft" (50 Pushkin Street, the town of Elista, Kalmykia, Russia) and the firm " Briarwise International Limited " (Ireland, 20 Clarnwilliam Terrace, Dublin 2, Eire) made contract № 003981003-AB about delivery of 1.000.000 tons of petroleum to this Irish firm. Later on they planned to deliver some quantity of petroleum to the firm " Glencore International AG " (Baarermattstrasse 3, P.O. Box 555, CH-6341 Baar, Switzerland).

On March 19, 1998 on the basis of the above-mentioned contract Daginov empowered to act for the JSC "Kalmneft" concluded the tripartite agreement on an advanced payment for the delivery of petroleum with " Briarwise International Limited " and " Glencore International AG ".

To fulfill the agreement the firm " Glencore International AG " on April 1, 1998 transferred 7.000.000 USD as an advanced payment to the firm "Briarwise International Limited " on account of petroleum delivery from the JSC "Kalmneft".

As it follows from the materials of the criminal case Daginov, being one of the chiefs of the JSC "Kalmneft", at the same time was a joint owner of " Glencore International AG " and the chairman of the board of directors of " Briarwise International Limited ". On making the above-mentioned contract and agreement the latter circumstance was concealed by him from the shareholders of the JSC "Kalmneft".

Having held the mentioned offices in the mercenary purposes Daginov misappropriated a significant part of the money resources received by the firm " Briarwise International Limited " which were meant to the further transferring to the JSC "Kalmneft".

He managed to embezzle by transferring more than 1.390.000 USD on his personal, his daughter's and other persons' bank accounts, and besides he transferred more than 5.140.000 USD on the accounts of the firms listed below: " Glenarch Limited ", " Gilda Trading Co. Ltd. ", " Ladesco Trading Co. Ltd. ", " World Chess ", " Amerco Oil International Ltd. ", " Parus Management ", " Glencore Oil Projects AG " ("GOPAG").

As a result of embezzlement and abusing of his powers, Daginov caused financial damages to the JSC "Kalmneft" estimated at more than 6.500.000. USD.

On the basis of the information available Daginov transferred a part of the embezzled money from the account of the firm "Briarwise International Limited" on account № 0017926585, which was opened in the bank "Bank of Washington" (Seattle, WA) and belongs to the firm "Gilda Trading Co. Ltd.", his daughter Galina (Gilana) Daginova being the owner of the firm.

In order to get the documentary evidence of the stated facts and to establish the persons involved in the transferring of the embezzled money, it is necessary to withdraw the following original documents in the bank "Bank of Washington" (USA, 1420 Fifth Ave, Seattle, WA, ABA: 125000105):

— the legal file (the constitutive and registration documents, the contract on the opening of the account, the card with the samples of the signature, and other documents) of the holder of account № 0017926585,

– all the documents reflecting the money movement within the account from the moment of its opening till the present time, including the bank documents that confirm the transferring of the following sums on the account by the firm "Briarwise International Limited":

06.04.98 -   500.000 USD,
06.04.98 -     8.329 USD,
21.04.98 - 400.000 USD.

On the basis of the stated facts and guided by Part 1, Article 183 of the Criminal-remedial code of the Russian Federation the investigator

HAS ESTABLISHED:

1. To withdraw the following original documents in the bank "Bank of Washington" (USA, 1420 Fifth Ave, Seattle, WA, ABA: 125000105):

— the legal file (the constitutive and registration documents, the contract on the opening of the account, the card with the samples of the signature, and other documents) of the holder of account № 0017926585,

– all the documents reflecting the money movement within the account from the moment of its opening till the present time, including the bank documents that confirm the transferring of the following sums on the account by the firm "Briarwise International Limited":

06.04.98 -   500.000 USD,
06.04.98 -     8.329 USD,
21.04.98 - 400.000 USD.

2. The copy of this resolution should be sent to the Prosecutor's Office of the Kalmyk Republic.

The investigator                                        Butskaya S.V.

The resolution has been produced to me «_____»_____ at

_____a.m/p.m_____

(the surname, the name and the patronymic of the person involved in the withdrawal)

_____
(the signature of the person involved in the withdrawal)

The investigator                                        _____
                                                                    (signature)

*Перевод выполнен ассистентом кафедры иностранных языков Калмыцкого университета Бергуевой Ольги Геннадьевны*

*верность перевода удостоверяю*

*переводчик ОГУ Бергуева О.Г.*



Приложение 77

# ПОСТАНОВЛЕНИЕ
о производстве выемки

г. Элиста                                        11 мая 2004 г.

Старший следователь отдела по расследованию особо важных дел следственного управления прокуратуры Республики Калмыкия Буцкая С.В., рассмотрев материалы уголовного дела № 101123,

## УСТАНОВИЛ:

Уголовное дело № 101123 возбуждено 26.12.2001 по признакам преступления, предусмотренного ч. 1 ст. 201 УК РФ, по факту злоупотребления Дагиновым В.Н. полномочиями первого заместителя генерального директора АООТ «Калмнефть».

Предварительным следствием установлено:

10.03.98 в гор. Москве руководством АООТ «Калмнефть» (Российская Федерация, Республика Калмыкия, гор. Элиста, ул. Пушкина, 50) с фирмой «Briarwise International Limited» (Ireland, 20 Clarnwilliam Terrace, Dublin 2, Eire) был подписан контракт № 003981003-AB о продаже этой ирландской фирме 1.000.000 тонн нефти. Впоследствии предполагалась дальнейшая поставка партии нефти фирме «Glencore International AG» (Baarermattstrasse 3, P.O. Box 555, CH-6341 Baar, Switzerland).

На основании данного контракта Дагинов, действуя по доверенности от имени АООТ «Калмнефть», 19.03.98 заключил трехстороннее соглашение о предоплате за поставку нефти с фирмами «Briarwise International Limited» и «Glencore International AG».

Во исполнение соглашения «Glencore International AG» 01.04.98 перечислила фирме «Briarwise International Limited» в счет поставки нефти от АООТ «Калмнефть» предоплату в размере 7.000.000 USD.

Из материалов дела следует, что Дагинов, будучи одним из руководителей АООТ «Калмнефть», одновременно являлся совладельцем «Glencore International AG» и председателем совета директоров «Briarwise International Limited». Последнее обстоятельство при заключении упомянутых выше контракта и соглашения было им скрыто от акционеров АООТ «Калмнефть».

Воспользовавшись совмещением указанных должностей и действуя обманным путем в корыстных целях, Дагинов похитил значительную часть денежных средств, полученных фирмой «Briarwise International Limited» и подлежащих дальнейшему перечислению в адрес АООТ «Калмнефть».

Присвоение им было осуществлено путем перечисления со счета «Briarwise International Limited» более 1.390.000 USD на свой личный счет и счет дочери, других лиц, а также переводом более 5.140.000 USD на счета фирм «Glenarch Limited», «Gilda Trading Co. Ltd.», «Ladesco Trading Co. Ltd.»,

«World Chess», «Amerco Oil International Ltd.», «Parus Management», «Glencore Oil Projects AG» («GOPAG»).

В результате хищения и злоупотребления Дагиновым своими полномочиями фирме «Калмнефть» причинен финансовый ущерб на сумму более 6.500.000 USD.

По имеющимся в деле сведениям, хищение денег со счетов «Briarwise International Limited» осуществлялось Дагиновым с использованием корреспондентского счета № 8900061316, предположительно принадлежащего фирме «Ladesco Trading Co. Ltd.», открытого в банке «The Bank of New York» (USA ,New York, NY).

Для документального подтверждения указанных сведений, а также для установления лиц, причастных к перечислению похищенных денег, необходимо произвести выемку в банке «The Bank of New York» (New York, 48 Wall St. NY, 10286, USA) следующих подлинных документов:

- юридического дела (учредительных, регистрационных документов, договора об открытии счета, карточки с образцами подписи и других) владельца счета № 8900061316,

- всех документов, отражающих движение денег по указанному счету с момента его открытия по настоящее время, в том числе, банковских документов, подтверждающих перечисление фирмой «Briarwise International Limited» следующих сумм:

16.04.98 - 200.000 USD,
21.04.98 - 100.000 USD,
01.06.98 - 60.000 USD,
07.07.98 - 100.000 USD,
17.09.98 - 800.000 USD,
02.10.98 - 465.000 USD,
25.11.98 - 33.000 USD,
10.12.98 - 20.000 USD,
11.12.98 - 134.500 USD,
23.12.98 - 200.000 USD,
12.01.99 - 350.000 USD,
фирмой «Amerco Oil International Ltd.»:
27.02.98 - 500.000 USD,
10.03.98 - 150.000 USD,
01.06.98 - 85.000 USD,
17.07.98 - 45.000 USD,
29.07.98 - 60.000 USD.

На основании изложенного и руководствуясь частью первой ст. 183 УПК РФ,

ПОСТАНОВИЛ:

1.Произвести выемку в банке «The Bank of New York» (New York, 48 Wall St. NY, 10286, USA) следующих подлинных документов:

- юридического дела (учредительных, регистрационных документов, договора об открытии счета, карточки с образцами подписи и других) владельца счета № 8900061316,

- всех документов, отражающих движение денег по указанному счету с момента его открытия по настоящее время, в том числе, банковских документов, подтверждающих перечисление фирмой «Briarwise International Limited» следующих сумм:

16.04.98 - 200.000 USD,
21.04.98 - 100.000 USD,
01.06.98 - 60.000 USD,
07.07.98 - 100.000 USD,
17.09.98 - 800.000 USD,
02.10.98 - 465.000 USD,
25.11.98 - 33.000 USD,
10.12.98 - 20.000 USD,
11.12.98 - 134.500 USD,
23.12.98 - 200.000 USD,
12.01.99 - 350.000 USD,
фирмой «Amerco Oil International Ltd.»:
27.02.98 - 500.000 USD,
10.03.98 - 150.000 USD,
01.06.98 - 85.000 USD,
17.07.98 - 45.000 USD,
29.07.98 - 60.000 USD.

2. Копию настоящего постановления направить прокурору Республики Калмыкия.

Следователь                                              С.В. Буцкая


Постановление мне предъявлено «_____»_____ г. в ___ ч

___ мин._____
                    (фамилия, имя, отчество лица, у которого производится выемка)


                                        ( подпись лица, у которого производится выемка)



Следователь                              _____
                                              (подпись)

Enclosure 77

## R E S O L U T I O N
about making a withdrawal

the town of Elista                                          May 11, 2004

Butskaya S.V., an investigator of the Prosecutor's Office of the Kalmyk Republic having considered the materials of criminal case № 101123

## H A S  F O U N D  O U T:

Criminal case № 101123 was initiated on the 26th of December, 2001 against Daginov V.N., the citizen of the Russian Federation on the abuse of his first deputy director's power in the Joint stock company "Kalmneft", his actions being the sign of the crime stipulated by part 1, article 201 of the Criminal code of the Russian Federation.

During the preliminary investigation the following facts has been established:

On March 10, 1998 in Moscow the leaders of the JSC "Kalmneft" (50 Pushkin Street, the town of Elista, Kalmykia, Russia) and the firm " Briarwise International Limited " (Ireland, 20 Clarnwilliam Terrace, Dublin 2, Eire) made contract № 003981003-AB about delivery of 1.000.000 tons of petroleum to this Irish firm. Later on they planned to deliver some quantity of petroleum to the firm " Glencore International AG " (Baarermattstrasse 3, P.O. Box 555, CH-6341 Baar, Switzerland).

On March 19, 1998 on the basis of the above-mentioned contract Daginov empowered to act for the JSC "Kalmneft" concluded the tripartite agreement on an advanced payment for the delivery of petroleum with " Briarwise International Limited " and " Glencore International AG ".

To fulfill the agreement the firm " Glencore International AG " on April 1, 1998 transferred 7.000.000 USD as an advanced payment to the firm "Briarwise International Limited " on account of petroleum delivery from the JSC "Kalmneft".

As it follows from the materials of the criminal case Daginov, being one of the chiefs of the JSC "Kalmneft", at the same time was a joint owner of " Glencore International AG " and the chairman of the board of directors of " Briarwise International Limited ". On making the above-mentioned contract and agreement the latter circumstance was concealed by him from the shareholders of the JSC "Kalmneft".

Having held the mentioned offices in the mercenary purposes Daginov misappropriated a significant part of the money resources received by the firm " Briarwise International Limited " which were meant to the further transferring to the JSC "Kalmneft".

He managed to embezzle by transferring more than 1.390.000 USD on his personal, his daughter's and other persons' bank accounts, and besides he transferred more than 5.140.000 USD on the accounts of the firms listed below: " Glenarch Limited ", " Gilda Trading Co. Ltd. ", " Ladesco Trading Co. Ltd. ", " World Chess ", " Amerco Oil International Ltd. ", " Parus Management ", " Glencore Oil Projects AG " ("GOPAG").

As a result of embezzlement and abusing of his powers, Daginov caused financial damages to the JSC "Kalmneft" estimated at more than 6.500.000. USD.

On the basis of the information available Daginov embezzled the money from the accounts of the firm "Briarwise International Limited" using correspondent account № 8900061316, which was opened in the bank "The Bank of New York" (USA, New York, NY) and presumably belongs to the firm "Ladesco Trading Co. Ltd.".

In order to get the documentary evidence of the stated facts, and to establish the persons involved in the transferring of the embezzled money, it is necessary to withdraw the following original documents in the bank "The Bank of New York" (New York, 48 Wall St. NY, 10286, USA):

— the legal file (the constitutive and registration documents, the contract on the opening of the account, the card with the samples of the signature, and other documents) of the owner of account № 8900061316,

— all the documents reflecting the money movement within the account from the moment of its opening till the present time, including the bank documents that confirm the transferring of the following sums on the account by the firm "Briarwise International Limited":

| | | |
|---|---|---|
| 16.04.98 - | 200.000 | USD, |
| 21.04.98 - | 100.000 | USD, |
| 01.06.98 - | 60.000 | USD, |
| 07.07.98 - | 100.000 | USD, |
| 17.09.98 - | 800.000 | USD, |
| 02.10.98 - | 465.000 | USD, |
| 25.11.98 - | 33.000 | USD, |
| 10.12.98 - | 20.000 | USD, |
| 11.12.98 - | 134.500 | USD, |
| 23.12.98 - | 200.000 | USD, |
| 12.01.99 - | 350.000 | USD, |

by the firm "Amerco Oil International Ltd."

| | | |
|---|---|---|
| 27.02.98 - | 500.000 | USD, |
| 10.03.98 - | 150.000 | USD, |
| 01.06.98 - | 85.000 | USD, |
| 17.07.98 - | 45.000 | USD, |
| 29.07.98 - | 60.000 | USD. |

On the basis of the stated facts and guided by Part 1, Article 132 of the Criminal-remedial code of the Russian Federation the investigator

HAS ESTABLISHED:

1.To withdraw the following original documents in the bank "The Bank of New York" (New York, 48 Wall St. NY, 10286, USA):

— the legal file (the constitutive and registration documents, the contract on the opening of the account, the card with the samples of the signature, and other documents) of the owner of account № 8900061316,

— all the documents reflecting the money movement within the account from the moment of its opening till the present time, including the bank documents that confirm the transferring of the following sums on the account by the firm "Briarwise International Limited":

| 16.04.98 - | 200.000 USD, |
| 21.04.98 - | 100.000 USD, |
| 01.06.98 - | 60.000 USD, |
| 07.07.98 - | 100.000 USD, |
| 17.09.98 - | 800.000 USD, |
| 02.10.98 - | 465.000 USD, |
| 25.11.98 - | 33.000 USD, |
| 10.12.98 - | 20.000 USD, |
| 11.12.98 - | 134.500 USD, |
| 23.12.98 - | 200.000 USD, |
| 12.01.99 - | 350.000 USD, |

by the firm "Amerco Oil International Ltd."

| 27.02.98 - | 500.000 USD, |
| 10.03.98 - | 150.000 USD, |
| 01.06.98 - | 85.000 USD, |
| 17.07.98 - | 45.000 USD, |
| 29.07.98 - | 60.000 USD. |

2. The copy of this resolution should be sent to the Prosecutor's Office of the Kalmyk Republic.

The investigator                                                    Butskaya S.V.


The resolution has been produced to me «_____»_____ at

_____a.m/p.m_____

<span>(the surname, the name and the patronymic of the person involved in the withdrawal)</span>


_____

<span>(the signature of the person involved in the withdrawal)</span>

The investigator



Приложение 77

# ПОСТАНОВЛЕНИЕ
о производстве выемки

г. Элиста                                                              11 мая 2004 г.


Старший следователь отдела по расследованию особо важных дел следственного управления прокуратуры Республики Калмыкия Буцкая С.В., рассмотрев материалы уголовного дела № 101123,

## УСТАНОВИЛ:

Уголовное дело № 101123 возбуждено 26.12.2001 по признакам преступления, предусмотренного ч. 1 ст. 201 УК РФ, по факту злоупотребления Дагиновым В.Н. полномочиями первого заместителя генерального директора АООТ «Калмнефть».

Предварительным следствием установлено:

10.03.98 в гор. Москве руководством АООТ «Калмнефть» (Российская Федерация, Республика Калмыкия, гор. Элиста, ул. Пушкина, 50) с фирмой «Briarwise International Limited» (Ireland, 20 Clarnwilliam Terrace, Dublin 2, Eire) был подписан контракт № 003981003-АВ о продаже этой ирландской фирме 1.000.000 тонн нефти. Впоследствии предполагалась дальнейшая поставка партии нефти фирме «Glencore International AG» (Baarermattstrasse 3, P.O. Box 555, CH-6341 Baar, Switzerland).

На основании данного контракта Дагинов, действуя по доверенности от имени АООТ «Калмнефть», 19.03.98 заключил трехстороннее соглашение о предоплате за поставку нефти с фирмами «Briarwise International Limited» и «Glencore International AG».

Во исполнение соглашения «Glencore International AG» 01.04.98 перечислила фирме «Briarwise International Limited» в счет поставки нефти от АООТ «Калмнефть» предоплату в размере 7.000.000 USD.

Из материалов дела следует, что Дагинов, будучи одним из руководителей АООТ «Калмнефь», одновременно являлся совладельцем «Giencore International AG» и председателем совета директоров «Briarwise International Limited». Последнее обстоятельство при заключении упомянутых выше контракта и соглашения было им сокрыто от акционеров АООТ «Калмнефть».

Воспользовавшись совмещением указанных должностей и действуя обманным путем в корыстных целях, Дагинов похитил значительную часть денежных средств, полученных фирмой «Briarwise International Limited» и подлежащих дальнейшему перечислению в адрес АООТ «Калмнефть»,

2

Присвоение им было осуществлено путем перечислений со счета «Briarwise International Limited» более 1.390.000 USD на свой личный счет и счет дочери, других лиц, а также переводом более 5.140.000 USD на счета фирм «Glenarch Limited», «Gilda Trading Co. Ltd.», «Ladesco Trading Co. Ltd.», «World Chess», «Amerco Oil International Ltd.», «Parus Management», «Glencore Oil Projects AG» («GOPAG»).

В результате хищения и злоупотребления Дагиновым своими полномочиями фирме «Калмнефть» причинен финансовый ущерб на сумму более 6.500.000 USD.

По имеющимся в деле сведениям, часть похищенных денег Дагинов перечислил со счета фирмы «Briarwise International Limited» на счет № 0036484-2150-000 USD, принадлежащий предположительно фирме «Amerco Oil International Ltd., открытый в банке «Bankers Trust Company» (New York, NY).

Для документального подтверждения указанных сведений, а также для установления лиц, причастных к перечислению похищенных денег, необходимо произвести выемку в банке «Bankers Trust Company» (USA, New York, NY) следующих подлинных документов:

- юридического дела (учредительных, регистрационных документов, договора об открытии счета, карточки с образцами подписи и других) владельца счета № 0036484-2150-000 USD,

- всех документов, отражающих движение денег по указанному счету с момента его открытия по настоящее время.

На основании изложенного и руководствуясь частью первой ст. 183 УПК РФ,

ПОСТАНОВИЛ:

1.Произвести выемку в банке «Bankers Trust Company» (USA, New York, NY) следующих подлинных документов:

- юридического дела (учредительных, регистрационных документов, договора об открытии счета, карточки с образцами подписи и других) владельца счета № 0036484-2150-000 USD,

- всех документов, отражающих движение денег по указанному счету с момента его открытия по настоящее время.

2. Копию настоящего постановления направить прокурору Республики Калмыкия.

Следователь



3

Постановление мне предъявлено «_____»_____ г. в __ ч

___ мин._____

(фамилия, имя, отчество лица, у которого производится выемка)

_____

( подпись лица, у которого производится выемка)

Следователь                              _____

(подпись)



### R E S O L U T I O N
about making a withdrawal

the town of Elista                                                        May 11, 2004

Butskaya S.V., an investigator of the Prosecutor's Office of the Kalmyk Republic having considered the materials of criminal case № 101123

### H A S   F O U N D   O U T:

Criminal case № 101123 was initiated on the 26th of December, 2001 against Daginov V.N., the citizen of the Russian Federation on the abuse of his first deputy director's power in the Joint stock company "Kalmneft", his actions being the sign of the crime  stipulated by part 1, article 201 of the Criminal code of the Russian Federation.

During the preliminary investigation the following facts has been established:

On March 10, 1998 in Moscow the leaders of the JSC  "Kalmneft"  (50 Pushkin Street, the town of Elista, Kalmykia, Russia) and the firm  " Briarwise International Limited " (Ireland, 20 Clarnwilliam Terrace, Dublin 2, Eire) made contract № 003981003-AB about delivery of 1.000.000 tons of petroleum to this Irish firm. Later on they planned to deliver some quantity of petroleum to the firm " Glencore International AG " (Baarermattstrasse 3, P.O. Box 555, CH-6341 Baar, Switzerland).

On March 19, 1998 on the basis of the above-mentioned contract Daginov empowered to act for the JSC  "Kalmneft" concluded the tripartite agreement on an advanced payment for the delivery of petroleum with " Briarwise International Limited " and " Glencore International AG ".

To fulfill the agreement the firm " Glencore International AG " on April 1, 1998 transferred 7.000.000 USD as an advanced payment to the firm "Briarwise International Limited " on account of petroleum delivery from the JSC "Kalmneft".

As it follows from the materials of the criminal case Daginov, being one of the chiefs of the JSC "Kalmneft", at the same time was a joint owner of  " Glencore International AG " and the chairman of the board of directors  of " Briarwise International Limited ". On making the above-mentioned contract and agreement the latter circumstance was concealed by him from the shareholders of the JSC "Kalmneft".

Having  held the mentioned offices in the  mercenary purposes Daginov misappropriated a significant part of the money resources received by the firm " Briarwise International Limited " which were meant to the further transferring to the JSC  "Kalmneft".

He managed to embezzle by transferring more than 1.390.000 USD on his personal, his daughter's and other persons' bank accounts, and besides he transferred more than 5.140.000 USD on the accounts of the firms listed below: " Glenarch Limited ", " Gilda Trading Co. Ltd. ", " Ladesco Trading Co. Ltd. ", " World Chess ", " Amerco Oil International Ltd. ", " Parus Management ", " Glencore Oil Projects AG " ("GOPAG").

As a result of embezzlement and abusing of his powers, Daginov caused financial damages to the JSC "Kalmneft" estimated at more than 6.500.000. USD.

On the basis of the information available Daginov transferred a part of the embezzled money from the account of the firm "Briarwise International Limited" on account № 0036484-2150-000 USD, which was opened in the bank "Bankers Trust Company" (New York, NY) and presumably belongs to the firm "Ladesco Trading Co. Ltd.".

In order to get the documentary evidence of the stated facts and to establish the persons involved in the transferring of the embezzled money, it is necessary to withdraw the following original documents in the bank "Bankers Trust Company" (USA, New York, NY):

— the legal file (the constitutive and registration documents, the contract on the opening of the account, the card with the samples of the signature and other documents) of the holder of account № 0036484-2150-000 USD,

— all the documents reflecting the money movement within the account from the moment of its opening till the present time.

On the basis of the stated facts and guided by Part 1, Article 183 of the Criminal-remedial code of the Russian Federation the investigator

## H A S   E S T A B L I S H E D:

1. To withdraw the following original documents in the bank "Bankers Trust Company" (USA, New York, NY):

— the legal file (the constitutive and registration documents, the contract on the opening of the account, the card with the samples of the signature and other documents) of the holder of account № 0036484-2150-000 USD,

— all the documents reflecting the money movement within the account from the moment of its opening till the present time.

2. The copy of this resolution should be sent to the Prosecutor's Office of the Kalmyk Republic.

The investigator



3

The resolution has been produced to me «_____» _____ at

_____a.m/p.m_____
(the surname, the name and the patronymic of the person involved in the withdrawal)

_____
(the signature of the person involved in the withdrawal)

The investigator

_____
(signature)

*Перевод выполнен*
*ассистентом кафедры*
*иностранного языка*
*калмыцкого университета*
*Бергуевой Ольгой Юрьевной*
*верность перевода удостоверяю*
*Переводчик     подпись     Бергуева О.2.*





**Генеральная прокуратура
Российской Федерации**

ул. Б. Дмитровка, 15а
Москва, Россия, ГСП -3, 125993

_20_.08.2004 № __35/2-3469-03__

На № _____

Министерство юстиции
Соединенных Штатов Америки

Директору международного
департамента

г-же Мери Эллен Варлоу

1301 New-York AVE. NW
Washington DC, 20005

Уважаемая госпожа директор!

Генеральная прокуратура Российской Федерации свидетельствует свое глубокое уважение Министерству юстиции Соединенных Штатов Америки и в соответствии с Договором о взаимной правовой помощи по уголовным делам от 17 июня 1999 года обращается с ходатайством об оказании правовой помощи по уголовному делу №101123, возбужденному по признакам преступления, предусмотренного ч.1 ст.201 Уголовного кодекса Российской Федерации, в отношении Дагинова В.Н.

Выполнение следственных действий на территории Соединенных Штатов Америки необходимо для обеспечения полноты предварительного расследования.

Уголовно-процессуальным законодательством Российской Федерации предусмотрены ограниченные сроки досудебного следствия по уголовным делам. Нарушение процессуальных сроков может отрицательно сказаться на результатах расследования уголовного дела и привлечении виновных лиц к уголовной ответственности.

Учитывая изложенное, прошу Вас исполнить настоящее ходатайство в срок до 01.12.2004 и сообщить о результатах в Генеральную прокуратуру Российской Федерации.

Гарантируем, что полученные в результате исполнения данного ходатайства сведения и документы будут использованы только в интересах следствия и не причинят ущерба суверенитету, безопасности и публичному порядку Соединенных Штатов Америки.

Генеральная прокуратура Российской Федерации заранее благодарит за сотрудничество и подтверждает готовность оказывать правоохранительным органам Соединенных Штатов Америки аналогичную или иную правовую помощь по уголовным делам.

Приложение: ходатайство об оказании правовой помощи на 77 листах.

И.о. Начальника
международно-правового управления                                           В.И. Ерохин

**Procurator General's Office
of the Russian Federation**

15A Bolshaya Dmitrovka
Moscow, GSP-9, 101999, Russia

.08.2004 Our ref. 35/2-3469-03

**Ms. Mary Ellen Warlow**
Director
Office of International Affairs
US Department of Justice

1301 New York Ave. NW
Washington, D.C. 20005

Esteemed Ms. Director:

The Procurator General's Office of the Russian Federation presents its compliments to the US Department of Justice and, pursuant to the Treaty on Mutual Legal Assistance in Criminal Matters of 17 June, 1999, kindly requests legal assistance in criminal matter No. 101123 instituted under art. 201 (1) of the Criminal Code of the Russian Federation against Mr. V.N. Daginov.

Performance of investigative actions in the territory of the United States of America is necessary in order to ensure comprehensive preliminary investigation.

The Russian Federation legislation of criminal procedure provides for limited period of pre-trial investigation of criminal cases. The breach of the procedural period may adversely affect the results of investigation of a criminal case, as well as bringing guilty persons to book.

Considering the above, kindly have the request executed by 1 December, 2004, and notify the Procurator General's Office of the Russian Federation of the results.

We guarantee that information and documentation obtained upon execution of the request will be used for the purposes of the investigation only, and will not cause any harm to the sovereignty, security and public order of the United States of America.

The Procurator General's Office of the Russian Federation thanks you in advance for your co-operation and confirms its readiness to provide similar or other kind of legal assistance in criminal matters to the law-enforcement agencies of the USA.

Enclosure: request for legal assistance in 77 pages

Acting Chief
International Law Department                    /signed/                    V.I. Erokhin

Translated into English by E. Kartashova

**The US Department of Justice**

**To the Director of the
International Department**

**Mrs Mary Ellen Warlow**

**1301 New York AVE. NY
Washington DC, 20005**

The enquiry about rendering of the legal assistance
on criminal case № 101123

Dear Mrs Mary Ellen Warlow!

Expressing our hope for cooperation, we ask you to render the legal assistance to the Prosecutor's Office of the Kalmyk Republic (Kalmykia) on investigation of criminal case № 101123.

The specified criminal case was initiated on December 26, 2001 against Daginov V.N., the citizen of the Russian Federation on the abuse of his first deputy director's power in the Joint-stock company (JSC) "Kalmneft" ("Kalmoil"), which is engaged in production and realization of petroleum, his actions being the sign of the crime stipulated by Part I, Article 201of the Criminal Code of the Russian Federation.

During the preliminary investigation the following facts has been established:

On March 10, 1998 in Moscow the leaders of the JSC "Kalmneft" (50 Pushkin Street, the town of Elista, Kalmykia, Russia) and the firm " Briarwise International Limited " (Ireland, 20 Clarnwilliam Terrace, Dublin 2, Eire) made contract № 003981003-AB about delivery of 1.000.000 tons of petroleum to this Irish firm. Later on they planned to deliver some quantity of petroleum to the firm " Glencore International AG " (Baarermattstrasse 3, P.O. Box 555, CH-6341 Baar, Switzerland).

On March 19, 1998 on the basis of the above-mentioned contract Daginov empowered to act for the JSC "Kalmneft" concluded the tripartite agreement on an advanced payment for the delivery of petroleum with " Briarwise International Limited " and " Glencore International AG ".

To fulfill the agreement the firm " Glencore International AG " on April 1, 1998 transferred 7.000.000 USD as an advanced payment to the firm "Briarwise International Limited " on account of petroleum delivery from the JSC "Kalmneft".

As it follows from the materials of the criminal case Daginov, being one of the chiefs of the JSC "Kalmneft", at the same time was a joint owner of " Glencore International AG " and the chairman of the board of directors of "

Briarwise International Limited ". On making the above-mentioned contract and agreement the latter circumstance was concealed by him from the shareholders of the JSC "Kalmneft".

Having held the mentioned offices in the mercenary purposes, Daginov misappropriated a significant part of the money resources received by the firm " Briarwise International Limited", which were meant to the further transferring to the JSC "Kalmneft".

He managed to embezzle by transferring more than 1.390.000 USD on his personal, his daughter's and other persons' bank accounts, and besides he transferred more than 5.140.000 USD on the accounts of the firms listed below : " Glenarch Limited ", " Gilda Trading Co. Ltd. ", " Ladesco Trading Co. Ltd. ", " World Chess ", " Amerco Oil International Ltd. ", " Parus Management ", " Glencore Oil Projects AG " ("GOPAG").

As a result of embezzlement and abusing of his powers, Daginov caused financial damages to the JSC "Kalmneft" estimated at more than 6.500.000. USD. In this connection the firm appealed to the law-enforcement body of the Russian Federation with the application to institute criminal proceedings against him.

No arraignment has been made during the investigation and the preventive punishment hasn't been applied to anybody.

As it has been found out Daginov transferred a part of the embezzled money from the account of the firm "Briarwise International Limited" on the accounts opened in the US banks, and namely:

- on account № 0017926585 of the firm "Gilda Trading Co. Ltd." The account was opened in the bank "Bank of Washington" (Seattle, WA), the holder of it is his daughter – Galina (Gilana) Daginova,

- on account № UDS 04-400-730/64607/80424 in the bank "Bankers Trust Company" (New York, NY), presumably opened in the name of Rima Jokubauskaite, one of the fictitious chiefs of the firm "Briarwise International Limited",

- on account № 0036484-2150-000 USD, opened in the bank "Bankers Trust Company" (New York, NY) and presumably belonging to the firm "Amerco Oil International Ltd.",

- from the accounts in "Citibank N.A. New York" (USA, New York, NY) on account № 0463228478423 belonging to the firm "World Chess", opened in the bank "Credit Suisse First Boston" (New York, NY),

- on account № 6173065947, opened in the name of Daginov Artem Vitalyevitch in the bank "The Bank of New York" (New York, NY).

Besides, Daginov managed to steal the money resources from the accounts of the firm "Briarwise International Limited" using correspondent account № 8900061316, presumably belonging to the firm "Ladesco Trading Co.Ltd." and correspondent account № USD 890-0096-993, presumably belonging to Rima Jokubauskaite (Shestakova Rima). Both accounts were opened in the bank "The Bank of New York" (New York, NY).

On the basis of the information available Daginov could also transfer a part of the misappropriated money on some other accounts belonging to his relatives and the above-listed firms. All the accounts were opened in the US banks.

According to the documents available, one of the joint-owners of the firm "Amerco Oil International Ltd." was James Joseph Chrysler (2215 Peterson Avenue Louisville Kentucky 40204 USA, born: 26.08.29). This firm was registered in Delaware registered company, USA.

In this connection there arose a necessity to withdraw the documents connected with the transferring of the embezzled money by Daginov, to interrogate as a witness James Joseph Chrysler, and to withdraw the constitutive and registration original documents referred to the activity of the firm "Amerco Oil International Ltd.".

Taking into consideration the stated facts and guided by the pact between the Russian Federation and the United States of America "About mutual legal assistance on criminal cases" dated the 17th of June, 1999, we ask you to charge the employees of the competent body to fulfill the flowing investigative actions on the territory of the United States of America:

1.According to the resolution of the court in the bank "Bank of Washington" (US, 1420 Fifth Ave, Seattle, WA, ABA: 125000105) it is necessary

- to withdraw the original legal file (the registration and constitutive documents, the contract about opening of the account, the card with the samples of the signature and other documents) of the holder of account № 0017926585, and all the documents reflecting the money movement within the account from the moment of its opening till the present time, including the bank documents that confirm the transferring of the following sums from the account of the firm "Briarwise International Limited" on the account:

06.04.98 -  500.000 USD,

06.04.98  -    8.329 USD,

21.04.98 -  400.000 USD.

2. According to the resolution of the court in the bank "The Bank of New York" (New York, 48 Wall St. NY, 10286, USA) it is necessary

- to withdraw  the original legal files of the holders of accounts № 6173065947, № USD 890-0096-993, and all the documents reflecting the money movement within the accounts from the moment of their opening till the present time, including the bank documents that confirm the transferring of the following sums from the firm "Briarwise International Limited" on account № USD 890-0096-993:

06.04.98 -    700 USD,

03.06.98 - 2.000 USD,

27.07.98 -   500 USD.

3. According to the resolution of the investigator in the bank "The Bank of New York" (New York, 48 Wall St. NY, 10286, USA) it is necessary:

- to withdraw the original legal file of the holder of account № 8900061316, and all the documents reflecting the money movement within the account from the

moment of its opening till the present time, including the bank documents proving the following transferring from the firm "Briarwise International Limited":

```
16.04.98  -  200.000   USD,
21.04.98  -  100.000   USD,
01.06.98  -   60.000   USD,
07.07.98  -  100.000   USD,
17.09.98  -  800.000   USD
02.10.98  -  465.000   USD,
25.11.98  -   33.000   USD,
10.12.98  -   20.000   USD,
11.12.98  -  134.500   USD,
23.12.98  -  200.000   USD,
12.01.99  -  350.000   USD;
```

from "Amerco Oil International Ltd.":

```
27.02.98 – 500.000   USD,
10.03.98 – 150.000   USD,
01.06.98 –  85.000   USD,
17.07.98 –  45.000   USD,
29.07.98 –  60.000   USD.
```

4. According to the resolution of the court in the bank "Bankers Trust Company" (USA, New York, NY) it is necessary

- to withdraw  the original legal file of the holder of account № USD 04-400-730/64607/80424, and all the documents reflecting the money movement within the account from the moment of its opening till the present time, including the bank documents that confirm the following transferring on this account from the firm "Briarwise International Limited":

24.09.98 – 2.500 USD, meant to Rima Jokubauskaite,

26.01.99 -  800 USD, meant to Rima Jokubauskaite.

5. According to the resolution of the investigator in the bank "Bankers Trust Company" (USA, New York, NY) it is necessary

- to withdraw the original legal file of the holder of account № 0036484-2150-000 USD, and all the documents reflecting the money movement within the account from the moment of its opening till the present time.

6. According to the resolution of the investigator in the bank "Credit Suisse First Boston" (USA, New York, NY) it is necessary

- to withdraw the copy of the legal file of the holder of account № 0463228478423, and the copies of all the documents reflecting the money movement within the account from the moment of its opening till the present time, including the documents proving the transferring of 500.000 USD dated the 10th of June, 1998 from "Briarwise International Limited".

7. According to the resolution of the investigator in Delaware registered company and in the representation of the firm "Amerco Oil International Ltd." it is necessary

- to withdraw the constitutive and registration original documents, and the documents connected with the activity of the firm "Amerco Oil International Ltd."

5

8. In the banks "Bank of Washington" (USA, 1420 Fifth Ave, Seattle, WA, ABA: 125000105), "The Bank of New York" (New York, 48 Wall St. NY, 10286, USA), "Bankers Trust Company" (USA, New York, NY), "Credit Suisse First Boston" (USA, New York, NY), "Citibank N.A. New York" (USA, New York, NY) it is necessary to obtain on demand the information

- about presence in the mentioned banks of some other accounts belonging to the firms "Gilda Trading Co. Ltd.", "Amerco Oil International Ltd.", "World Chess", as well as "Briarwise International Limited", "Glencore International AG", "Glencore Oil Projects AG" ("GOPAG"), "Glenarch Limited", "Ladesco Trading Co. Ltd.", "Parus Management",

- about presence of some other bank accounts belonging to Daginov Artem Vitalievich, Rima Jokubauskaite, as well as Daginov Vitali Nicolaevich, Daginova (Kokshunova) Saglara Erdnievna, Daginova Gilana Vitalievna (Galina (Gilana) Daginova).

If the documents are available, it is necessary to withdraw the original legal files of the holders of these accounts, and all the documents reflecting the money movement within the accounts from the moment of their opening till the present time.

The legal files of some other accounts of the firm "World Chess", and the documents reflecting the money movement within them should be withdrawn in the copies.

9. It is necessary to interrogate as a witness James Joseph Chrysler (2215 Peterson Avenue Louisville Kentucky 40204 USA, born: 26.08.29).

On carrying out the interrogation we ask you to observe the following procedure:

— before the beginning of the interrogation it is necessary to ask the witness to name his surname (in case of being married to inform what was his surname before it) name and patronymic, and to present the information about the date and place of birth, residence, marital status and members of his family, citizenship, education, place of work or study, previous conviction and to produce the document proving the identity of the person;

— to explain to the witness that he has the right not to answer self-incriminating questions. To inform the witness, that he can be subjected to criminal prosecution, if he doesn't answer all the other questions truthfully;

— after that the following questions should be asked:

1) Where was the firm "Amerco Oil International Ltd." registered? Where is the office of the firm located? Where are its representations and branches located?

2) How long has he worked for "Amerco Oil International Ltd."? What are his responsibilities there?

3) What can he say about the constitutor, owner, chief and shareholders of the firm? Is he a shareholder of "Amerco Oil International Ltd."? How many shares has he got?

4) What kind of activity does the firm perform? In what banks does it have accounts? What are the numbers of the accounts?

5) What does he know about activity, chiefs and location of the firms "Glencore International AG", "Glencore Oil Projects AG" ("GOPAG"), "Gilda Trading Co. Ltd.", "World Chess", "Ladesco Trading Co. Ltd.", "Parus Management", "Glenarch Limited"? Did the firm "Amerco Oil International Ltd." cooperate with the above-mentioned firms? When did it cooperate with them?

6) Is he acquainted with the representatives of the JSC "Kalmneft" Daginov, Kurneev, Boldyrev? Under what circumstances did he get acquainted with them and what relations does he bear with them now?

7) What were the functions of Daginov in the firm "Amerco Oil International Ltd."?

8) What does he know about striking of contract № 003981003 – AB dated the 10th of March 1998 between the JSC "Kalmneft" and "Briarwise International Limited" about delivery of 1.000.000 tons of petroleum?

9) What does he know about the agreement on an advanced payment dated the 19th of March 1998, which was concluded between the JSC "Kalmneft" and "Glencore International AG"? Who signed this document?

10) What explanation can he give concerning the money transferring made by Daginov and the firm "Briarwise International Limited" on account № 57873020, which was opened in the bank "Lloyds Bank Plc" Guernsey Offshore Center (P.O. Box 53, St. Peter Port, Guernsey, GY 1 4 BD, Channel Islands) and belongs to the firm "Amerco Oil International Ltd.", on accounts № 003648421500000 (№ 00364842150000), № 36011991, № 04031111 that were opened in the bank "Credit Agricole Indosuez" (London), on account № 57873020 in the bank "Lloyds Bank Plc" (London) and on account № 0036484-2150-000 in the bank "Bankers Trust Company" (new York, NY)?

11) What explanation can he give on the money transferring of the firm "Amerco Oil International Ltd." on account № 000180971, which was opened in the bank "Riga Neftehimbank" (Latvia, Riga) and belongs to the firm "Ladesco Trading Co. Ltd.", and also on the accounts of the following firms: JSC "Kalmneft", "Glencore International AG", "Gilda Trading Co. Ltd.", "World Chess", "Glenarch Limited"?

All the evidence given by the witness should be written in the form of a record, which must contain:

a) date, place, time of its drawing up, information about the person the report was drawn up by;

b) the fact confirming that the witness has been notified that he has the right not to answer self-incriminating questions, and he must answer all the other questions truthfully, otherwise he can be threatened with criminal punishment;

c) the given questions and the received answers.

After finishing the interrogation it is necessary to read out to the witness the questions and answers written, or to ask the witness to do it himself.

To specify in the record, whether it was the official representative, a person making the interrogation, who has read to the witness the questions and answers, or the witness did it himself; in case the witness doesn't agree with anything, it is

necessary to point out what corrections should be entered on the record from the point of view of the witness.

To write down, whether the witness agrees with the text of the record which has either been read out to him or he has read it himself, and in case the witness doesn't agree, it is necessary to point out what corrections should be entered on the record from the point of view of the witness.

After reading the record, it is necessary to ask the witness to sign the record himself and to indicate that the above-stated evidence is correct and true to fact, the evidence has been given under fear of punishment for false testimony. The representative of the competent body should sign the record, too.

It is necessary to ask the witness to put his signature below the signature of the competent body representative to certify the correctness of the specified information.

10. In case there is no opportunity to withdraw the original documents, I ask you to present their Xerox-copies certified by the competent persons.

The materials of the fulfilled enquiry should be sent through the General Prosecutor's Office of the Russian Federation to the Prosecutor's Office of the Kalmyk Republic at the following address: 1 T.Samokhina Street, Elista, Kalmykia, Russia, 358000.

I inform you that the present criminal case pursues no political objects. The investigation assumes to estimate Daginov's actions from the point of view of law, to find out the mechanism of transferring and circumstances of use of the money resources subjected to the transferring on the JSC "Kalmneft" account for the delivered petroleum.

We guarantee that the information and the documents received as a result of the fulfilment of the present enquiry will be used only during the preliminary investigation in order to make it thorough, complete and objective, and they won't harm the sovereignty, safety and public order of the United States of America.

Using an opportunity, I express deep respect to law-enforcement bodies of the United States of America and readiness to render the similar help.

Enclosure: the text of article 201 of the Criminal Code of the Russian
Federation on 1 sheet;
the resolution of the investigator and the court on 30 sheets.

The senior investigator of
most serious cases investigative department
of the Prosecutor's Office of
the Kalmyk Republic

S.V. Butskaya

Telephone number: 6-16-24, 6-22-83
Fax: 81075171355168
E-mail: prokuraturark@elista.ru



**ПРОКУРАТУРА**
Российской Федерации
**ПРОКУРАТУРА**
Республики Калмыкия

358000, г.Элиста,
ул. Т.Самохина, 1

21.07.2004  № 39 п-04/10-1123

На № _____

Министерство юстиции
Соединенных Штатов Америки

Директору международного
Департамента

г-же Мери Эллен Варлоу

1301 New-York AVE. NY
Washington DC, 20005

**Запрос об оказании правовой помощи**
**по уголовному делу № 101123.**

Уважаемая госпожа Варлоу!

Выражая надежду на сотрудничество, просим Вас об оказании правовой помощи прокуратуре Республики Калмыкия по уголовному делу № 101123.

Указанное уголовное дело возбуждено 26.12.2001 в отношении гражданина Российской Федерации Дагинова В.Н. по факту злоупотребления им полномочиями первого заместителя генерального директора Акционерного общества открытого типа (АООТ) «Калмнефть», занимавшегося добычей и реализацией нефти, по признакам преступления, предусмотренного частью 1 статьи 201 Уголовного кодекса Российской Федерации.

Предварительным следствием установлено:

10.03.98 в гор. Москве руководством АООТ «Калмнефть» (Российская Федерация, Республика Калмыкия, гор. Элиста, ул. Пушкина, 50) с фирмой «Briarwise International Limited» (Ireland, 20 Clarnwilliam Terrace, Dublin 2, Eire) был подписан контракт № 003981003-АВ о продаже этой ирландской фирме 1.000.000 тонн нефти. Впоследствии предполагалась дальнейшая поставка партии нефти фирме «Glencore International AG» (Baarermattstrasse 3, P.O. Box 555, CH-6341 Baar, Switzerland).

На основании данного контракта Дагинов, действуя по доверенности от имени АООТ «Калмнефть», 19.03.98 заключил трехстороннее соглашение о предоплате за поставку нефти с фирмами «Briarwise International Limited» и «Glencore International AG».

Во исполнение соглашения «Glencore International AG» 01.04.98 перечислила фирме «Briarwise International Limited» в счет поставки нефти от АООТ «Калмнефть» предоплату в размере 7.000.000 USD.

Из материалов дела следует, что Дагинов, будучи одним из руководителей АООТ «Калмнефь», одновременно являлся совладельцем «Glencore International AG» и председателем совета директоров «Briarwise International Limited». Последнее обстоятельство при заключении упомянутых выше контракта и соглашения было им сокрыто от акционеров АООТ «Калмнефть».

Воспользовавшись совмещением указанных должностей и действуя обманным путем в корыстных целях, Дагинов похитил значительную часть денежных средств, полученных фирмой «Briarwise International Limited» и подлежащих дальнейшему перечислению в адрес АООТ «Калмнефть».

Присвоение им было осуществлено путем перечислений со счета «Briarwise International Limited» более 1.390.000 USD на свой личный счет и счет дочери, других лиц, а также переводом более 5.140.000 USD на счета фирм «Glenarch Limited», «Gilda Trading Co. Ltd.», «Ladesco Trading Co. Ltd.», «World Chess», «Amerco Oil International Ltd.», «Parus Management», «Glencore Oil Projects AG» («GOPAG»).

В результате хищения и злоупотребления Дагиновым своими полномочиями фирме «Калмнефть» причинен финансовый ущерб на сумму более 6.500.000 USD, в связи с чем эта фирма обратилась в правоохранительные органы России с заявлением о привлечении его к уголовной ответственности. В ходе расследования обвинение не предъявлялось и мера пресечения к кому-либо не применялась.

Установлено, что часть похищенных денег Дагинов перечислил со счета фирмы «Briarwise International Limited» на счета в американских банках, а именно:

- на счет № 0017926585 фирмы «Gilda Trading Co. Ltd.», владелицей которой является его дочь - Galina (Gilana) Daginova, открытый в банке «Bank of Washington» (Seattle, WA),

- на счет № UDS 04-400-730/64607/80424, открытый предположительно на имя Rima Jokubauskaite - одного из фиктивных руководителей «Briarwise International Limited», в банке «Bankers Trust Company» (New York, NY),

- на счет № 0036484-2150-000 USD, принадлежащий предположительно фирме «Amerco Oil International Ltd.», открытый в банке «Bankers Trust Company» (New York, NY),

- со счетов в «Citibank N.A. New York» (USA, New York, NY) на счет № 0463228478423 фирмы «World Chess», открытый в банке «Credit Suisse First Boston» (New York, NY),

- на счет № 6173065947, открытый на имя Дагинова Артема Витальевича в банке «The Bank of New York» (New York, NY).

Кроме того, хищение денег со счетов «Briarwise International Limited» осуществлялось Дагиновым с использованием корреспондентского счета № 8900061316, предположительно принадлежащего фирме «Ladesco Trading Co. Ltd.», и корреспондентского счета № USD 890-0096-993, предположительно принадлежащего Rima Jokubauskaite (Shestakova Rima), открытые в банке «The Bank of New York» (New York, NY).

3

По имеющимся в деле сведениям, Дагинов мог перечислить часть похищенных денег на иные счета своих родственников и вышеперечисленных фирм, открытые в американских банках.

Согласно имеющимся в деле документам, одним из соучредителей фирмы «Amerco Oil International Ltd.» являлся James Joseph Chrysler (2215 Peterson Avenue Louisville Kentucky 40204 USA, born: 26.08.29). Указанная фирма зарегистрирована в Delaware registered company, USA.

В связи с этим возникла необходимость изъятия документов по перечислению Дагиновым похищенных денег, допроса в качестве свидетеля James Joseph Chrysler и изъятия учредительных, регистрационных документов по деятельности фирмы «Amerco Oil International Ltd.».

С учетом изложенного, руководствуясь договором между Российской Федерацией и Соединенными Штатами Америки «О взаимной правовой помощи по уголовным делам» от 17.06.99, прошу Вас поручить сотрудникам компетентных органов выполнить на территории Соединенных Штатов Америки следующие следственные действия:

1. В соответствии с постановлением суда в банке «Bank of Washington» (USA, 1420 Fifth Ave, Seattle, WA, ABA: 125000105)

- изъять в подлинниках юридическое дело (учредительные, регистрационные документы, договор об открытии счета, карточку с образцами подписи и другие) владельца счета № 0017926585, а также все документы, отражающие движение денег по счету с момента его открытия по настоящее время, в том числе банковские документы, подтверждающие перечисление на этот счет от «Briarwise International Limited» следующих сумм:

06.04.98 -     500.000 USD,
06.04.98 -       8.329 USD,
21.04.98 -     400.000 USD.

2. В соответствии с постановлением суда в банке «The Bank of New York» (New York, 48 Wall St. NY, 10286, USA)

- изъять в подлинниках юридические дела владельцев счетов № 6173065947, № USD 890-0096-993, а также всех документов, отражающих движение денег по счетам с момента их открытия по настоящее время, в том числе, банковские документы, подтверждающие перечисление на счет № USD 890-0096-993 от «Briarwise International Limited»:

06.04.98 -     700   USD,
03.06.98 -  2.000   USD,
27.07.98 -     500   USD.

3. В соответствии с постановлением следователя в банке «The Bank of New York» (New York, 48 Wall St. NY, 10286, USA)

- изъять в подлинниках юридическое дело владельца счета № 8900061316, а также все документы, отражающие движение денег по счету с момента его открытия по настоящее время, в том числе, банковские документы, подтверждающие перечисление от «Briarwise International Limited»:

16.04.98 - 200.000 USD,

4

21.04.98 - 100.000  USD,
01.06.98 -  60.000 USD,
07.07.98 - 100.000 USD,
17.09.98 - 800.000 USD,
02.10.98 - 465.000 USD,
25.11.98 -  33.000 USD,
10.12.98 -  20.000 USD,
11.12.98 - 134.500 USD,
23.12.98 - 200.000 USD,
12.01.99 - 350.000 USD;
от «Amerco  Oil  International Ltd.»:
27.02.98 - 500.000  USD,
10.03.98 - 150.000  USD,
01.06.98 -  85.000   USD,
17.07.98 -  45.000   USD,
29.07.98 -  60.000   USD.

4. В соответствии с постановлением суда в банке «Bankers Trust Company» (USA, New York, NY)

- изъять в подлинниках юридическое дело владельца счета № UDS 04-400-730/64607/80424, а также все документы, отражающие движение денег по счету с момента его открытия по настоящее время, в том числе, банковские документы, подтверждающие перечисление на  указанный счет фирмой «Briarwise  International Limited» следующих сумм:

24.09.98 на имя Rima Jokubauskaite - 2.500 USD,
26.01.99 на имя Rima Jokubauskaite -  800 USD.

5 В соответствии с постановлением следователя в банке «Bankers Trust Company» (USA, New York, NY)

- изъять в подлинниках юридическое дело владельца счета № 0036484-2150-000 USD, а также все документы, отражающие движение денег по счету с момента его открытия по настоящее время.

6. В соответствии с постановлением следователя в банке «Credit Suisse First Boston»  (USA, New York, NY)

- изъять копии юридического дело владельца счета № 0463228478423, а также всех документов, отражающих движение денег по счету с момента его открытия по настоящее время, в том числе документов, подтверждающих перечисление 10.06.98 на этот счет фирмой «Briarwise  International Limited» 500.000 USD.

7. В соответствии с постановлениями следователя в Delaware registered company и в представительстве фирмы «Amerco Oil International Ltd.»

- изъять учредительные, регистрационные документы, а также документы по деятельности фирмы «Amerco  Oil  International Ltd.».

8. Истребовать в банках «Bank of Washington» (USA, 1420 Fifth Ave, Seattle, WA, ABA: 125000105), «The Bank of New York» (New York, 48  Wall St. NY, 10286, USA), «Bankers Trust Company» (USA, New York, NY), «Credit

Suisse First Boston» (USA, New York, NY), «Citibank N.A. New York» (USA, New York, NY) сведения

- о наличии иных банковских счетов у фирмы «Gilda Trading Co. Ltd.», «Amerco Oil International Ltd.», «World Chess», а также у фирм «Briarwise International Limited», «Glencore International AG», «Glencore Oil Projects AG» («GOPAG»), «Glenarch Limited», «Ladesco Trading Co. Ltd.», «Parus Management»,

- о наличии иных банковских счетов у Дагинова Артема Витальевича, Rima Jokubauskaite, а также у Дагинова Виталия Николаевича, Дагиновой (Кокшуновой) Саглары Эрдниевны, Дагиновой Гиляны Витальевны (Galina (Gilana) Daginova).

При их наличии изъять в подлинниках юридические дела владельцев этих счетов, а также все документы, отражающие движение денег по счетам с момента их открытия по настоящее время.

Юридические дела иных банковских счетов фирмы «World Chess» и документы, отражающие движение денег по счетам, изъять в копиях.

9. Допросить в качестве свидетеля James Joseph Chrysler (2215 Peterson Avenue Louisville Kentucky 40204 USA, born: 26.08.29).

При этом соблюсти следующую процедуру:

- перед началом допроса обратиться к свидетелю с просьбой назвать свою фамилию (в случае вступления в брак назвать также фамилию до вступления в брак), имя и отчество, а также представить сведения о дате и месте рождения, месте жительства, семейном положении и составе семьи, гражданстве, образовании, месте работы или учебы, наличии судимости и документе, удостоверяющем личность;

- разъяснить свидетелю, что она имеет право не отвечать на вопросы, ответы на которые могут быть использованы против нее. Сообщить свидетелю, что она может быть подвергнута уголовному преследованию, если не будет правдиво отвечать на все другие вопросы;

- после чего задать следующие вопросы:

1) Где зарегистрирована фирма «Amerco Oil International Ltd.»? Где находится офис фирмы, ее представительства и дочерние фирмы?

2) С какого времени и кем он работает в фирме «Amerco Oil International Ltd.»?

3) Кто является ее учредителем, владельцем, руководителем, акционерами фирмы? Имеются ли он акционером «Amerco Oil International Ltd.», каким количеством акций владеет?

4) Какую деятельность осуществляет фирма, в каких банках имеет счета и каковы их номера?

5) Что ему известно о деятельности, руководителях и месте нахождения фирм «Glencore International AG», «Glencore Oil Projects AG» («GOPAG»), «Gilda Trading Co. Ltd.», «World Chess», «Ladesco Trading Co. Ltd.», «Parus Management», «Glenarch Limited»? Осуществляла ли фирма

«Amerco Oil International Ltd.» совместную деятельность с указанными фирмами, когда?

6) Знаком ли он с представителями фирмы АООТ «Калмнефть» Дагиновым, Курнеевым, Болдыревым? При каких обстоятельствах познакомился, в каких отношениях находится?

7) Какую деятельность осуществлял Дагинов в фирме «Amerco Oil International Ltd.»?

8) Что ему известно о заключении между АООТ «Калмнефть» и «Briarwise International Limited» контракта № 003981003 - АВ от 10.03.98 на поставку 1.000.000 тонн нефти?

9) Что ему известно о заключенном между фирмами АООТ «Калмнефть», «Briarwise International Limited» и «Glencore International AG» соглашении о предоплате от 19.03.98? Кто подписывал указанный документ?

10) Что он может пояснить по перечислениям денег фирмой «Briarwise International Limited» и Дагиновым на счета «Amerco Oil International Ltd.» под № 57873020, открытый в банке «Lloyds Bank Plc» Guernsey Offshore Center (P.O. Box 53, St. Peter Port, Guernsey, GY 1 4 BD, Channel Islands), № 003648421500000 (00364842150000), № 36011991, № 04031111 в банке «Credit Agricole Indosuez» (London), № 57873020 в банке «Lloyds Bank Plc» (London), на счет № 0036484-2150-000 USD в банке «Bankers Trust Company» (New York, NY)?

11) Что он может пояснить по перечислениям денег фирмой «Amerco Oil International Ltd.» на счет фирмы «Ladesco Trading Co. Ltd.» под № 000180971, открытый в банке «Riga Neftehimbank» (Latvia, Riga), а также на счета фирм АООТ «Калмнефть», «Glencore International AG», «Gilda Trading Co. Ltd.», «World Chess», «Glenarch Limited»?

Записать все сообщенные свидетелем сведения в форме протокола, в котором должны быть указаны:

а) дата, место, время составления протокола, данные лица, составившего протокол;

б) факт уведомления свидетеля о том, что он имеет право не отвечать на вопросы, ответы на которые могут быть использованы против него самого, что он должен правдиво отвечать на все остальные вопросы, иначе ему может грозить уголовное наказание;

в) заданные вопросы и полученные ответы.

По окончании допроса прочитать свидетелю записанные вопросы и ответы или попросить свидетеля прочесть протокол, содержащий все вопросы и ответы.

Указать в протоколе, прочел ли представитель власти - лицо, производящее допрос, вопросы и ответы свидетелю, либо он прочел его сам, и в случае, если он не согласен, отметить, какие поправки или дополнения, по мнению свидетеля, должны быть внесены в протокол.

Записать, согласен ли свидетель с текстом протокола, который либо был ему зачитан, либо он прочел его сам, и в случае, если он не согласен, от-

7

метить какие поправки или дополнения, по мнению свидетеля, должны быть внесены в протокол.

После прочтения протокола предложить свидетелю сделать собственноручную запись о том, что вышеизложенное является правильным и верным, показания даны под страхом наказания за лжесвидетельство. Запись заверить подписью представителя власти.

Попросить свидетеля поставить свою подпись ниже подписи представителя органа власти для удостоверения правильности указанных сведений.

10. При отсутствии возможности изъять документы в подлинниках прошу предоставить их ксерокопии, заверенные компетентными лицами.

Материалы исполненного запроса прошу направить через Генеральную прокуратуру Российской Федерации в прокуратуру Республики Калмыкия по адресу: Российская Федерация, 358000, Республика Калмыкия, гор. Элиста, улица Т. Самохина, 1.

Уведомляю, что настоящее уголовное дело политических целей не преследует. Расследование предполагает правовую оценку действий Дагинова, выяснение механизма перечисления и обстоятельств использования денежных средств, подлежавших переводу на счет АООТ «Калмнефть» за поставленную нефть.

Гарантируем, что полученные в результате исполнения данного запроса сведения и документы будут использованы только в целях предварительного расследования, для обеспечения его всесторонности, полноты, объективности и не причинят ущерб суверенитету, безопасности и публичному порядку Соединенных Штатов Америки.

Пользуясь случаем, выражаю глубокое уважение правоохранительным органам Соединенных Штатов Америки и готовность оказать аналогичную помощь.

Приложение:  текст статьи 201 Уголовного кодекса Российской Федерации на 1 листе;
постановления следователя и суда на 30 листах.

Старший следователь отдела
по расследованию особо важных дел
следственного управления прокуратуры
Республики Калмыкия                                                    С.В. Буцкая

тел.: (84722) 6-16-24 или 6-22-83
факс: 81075171355168
электронная почта: prokuraturark@elista.ru

## Выписка из Уголовного кодекса Российской Федерации.

### Статья 201. Злоупотребление полномочиями

1. Использование лицом, выполняющим управленческие функции в коммерческой или иной организации, своих полномочий вопреки законным интересам этой организации и в целях извлечения выгод и преимуществ для себя или других лиц либо нанесения вреда другим лицам, если это деяние повлекло причинение существенного вреда правам и законным интересам граждан или организаций либо охраняемым законом интересам общества или государства, -

наказывается штрафом в размере до двухсот тысяч рублей или в размере заработной платы или иного дохода осужденного за период до восемнадцати месяцев, либо обязательными работами на срок от ста восьмидесяти до двухсот сорока часов, либо исправительными работами на срок от одного года до двух лет, либо арестом на срок от трех до шести месяцев, либо лишением свободы на срок до трех лет.

2. То же деяние, повлекшее тяжкие последствия, -

наказываются штрафом в размере от ста тысяч до пятисот тысяч рублей или в размере заработной платы или иного дохода осужденного за период от одного года до трех лет, либо арестом на срок от четырех до шести месяцев, либо лишением свободы на срок до пяти лет.

*Примечания.*1. Выполняющим управленческие функции в коммерческой или иной организации в статьях настоящее главы, а так же в статье 196 настоящего Кодекса признается лицо, постоянно, временно либо по специальному полномочию выполняющее организационно-распорядительные или административно-хозяйственные обязанности в коммерческой организации независимо от формы собственности, а также в некоммерческой организации, не являющейся государственным органом, органом местного самоуправления, государственным или муниципальным учреждением.

2. Если деяние, предусмотренное настоящей статьей либо иными статьями настоящей главы, причинило вред интересам исключительно коммерческой организации, не являющейся государственным или муниципальным предприятием, уголовное преследование осуществляется по заявлению этой организации или с ее согласия.

3. Если деяние, предусмотренное настоящей статьей либо иными статьями настоящей главы, причинило вред интересам других организаций, а так же интересам граждан, общества или государства, уголовное преследование осуществляется на общих основаниях.

Старший следователь отдела
по расследованию особо важных дел
следственного управления прокуратуры
Республики Калмыкия

## Article 201 of the Criminal Code of Russian Federation. Abusing of powers

1. Use by the person who is carrying out administrative functions in commercial or other organization, the powers contrary to legitimate interests of this organization and with the purpose to extract benefits and advantages to either himself or other persons, or doing harm to other persons, if this act has resulted in essential harm to rights and legitimate interests of citizens or the organizations or to the interests of a society or the state, which are protected by law, —

is punished by the penalty at a rate of up to 200 thousand roubles or at a rate of wages or other income of a condemned for the period of 18 months, or obligatory works for the term of from 180 till 240 hours, or corrective works for the term of from one year to two years, or arrest for the term of from three to six months, or imprisonment for the maximum term of three years.

2. The same act which has resulted in heavy consequences, —

is punished by the penalty at a rate of from 100 thousand to 500 thousand roubles or at a rate of wages or other income of a condemned for the period from one year to three years, or arrest for the term of from four to six months, or imprisonment for the maximum term of five years.

*Notes.* 1. According to the articles of the present chapter, and also to article 196 of the present code, a person is considered to carry out administrative functions in commercial or other organization, when he (she) constantly, temporarily or on special power performs organizational - administrative or administrative duties in the commercial organization irrespective of a type of ownership, and also in the commercial organization which are not being the state body, institutions of local government, the state or municipal establishment.

2. If the act stipulated by the present article or other articles of the present chapter, has harmed interests of a commercial organization only, the organization not being the state or municipal enterprise, criminal prosecution is carried out on the basis of the application of this organization or in accordance with its consent.

3. If the act stipulated by the present article or other articles of the present chapter, has harmed interests of other organizations, and also interests of citizens, societies or the states, criminal prosecution is carried out in accordance with general practice.

The senior investigator of
most serious cases investigative department
of the Prosecutor's Office of
the Kalmyk Republic

S.V. Butskaya

Материал № 3/4-31/2004

## ПОСТАНОВЛЕНИЕ
### о разрешении производства выемки в банке

город Элиста                                              12 мая 2004 года

Судья Элистинского городского суда Республики Калмыкия **Руднева О.А.**
с участием прокурора отдела прокуратуры Республики Калмыкия **Бабугоева К.А.,**
при секретаре **Явакаевой Д.Г.,**
а также старшего следователя отдела по расследованию особо важных дел следственного управления прокуратуры Республики Калмыкия **Буцкой С.В.,**
рассмотрел постановление следователя Буцкой С.В. о возбуждении ходатайства о производстве выемки документов в банке «Bankers Trust Company» (USA, New York, NY) по уголовному делу № 101123.

Проверив представленные материалы, заслушав мнение прокурора Бабугоева К.А., следователя Буцкой С.В.,

#### у с т а н о в и л :

26 декабря 2001 года следователем следственного управления при Министерстве внутренних дел Республики Калмыкия Манджиевым В.Н. возбуждено уголовное дело № 101123 по признакам преступления, предусмотренного частью первой ст. 201 УК РФ по факту злоупотребления Дагиновым В.Н. полномочиями первого заместителя генерального директора Акционерного общества открытого типа «Калмнефть».

Дагинов В.Н. подозревается органом следствия в том, что совершил указанное преступление при следующих обстоятельствах.

10 марта 1998 года в г. Москве руководством АООТ «Калмнефть» (Российская Федерация, Республика Калмыкия, гор. Элиста, ул. Пушкина, 50) с фирмой «Briarwise International Limited» (Ireland, 20 Clarnwilliam Terrace, Dublin 2, Eire) был подписан контракт № 003981003-AB о продаже этой ирландской фирме 1.000.000 тонн нефти. Впоследствии предполагалась дальнейшая поставка партии нефти фирме «Glencore International AG» (Baarermattstrasse 3, P.O. Box 555, CH-6341 Baar, Switzerland).

На основании данного контракта Дагинов В.Н., действуя по доверенности от имени АООТ «Калмнефть», 19 марта 1998 года заключил трехстороннее соглашение о предоплате за поставку нефти с фирмами «Briarwise International Limited» и «Glencore International AG». Во исполнение соглашения «Glencore International AG» 1 апреля 1998 года перечислила фирме «Briarwise International Limited» в счет поставки нефти от АООТ «Калмнефть» предоплату в размере 7.000.000 USD.

Дагинов подозревается в том, что при заключении упомянутых выше контракта и соглашения скрыл от акционеров АООТ «Калмнефть», что, будучи одним из руководителей АООТ «Калмнефь», он одновременно являлся совладельцем «Glencore International AG» и председателем совета директоров «Briarwise International Limited», и, воспользовавшись совмещением указанных должностей, действуя обманным путем в корыстных целях, похитил значительную часть денежных средств, полученных фирмой «Briarwise International Limited», подлежащих дальнейшему перечислению в адрес АО ОТ «Калмнефть».

По данным органа предварительного следствия, присвоение им было осуществлено путем перечислений со счета фирмы «Briarwise International Limited» более 1.390.000 USD на свой личный счет и счет дочери, других лиц, а также переводом более 5.140.000 USD на счета фирм «Glenarch Limited», «Gilda Trading Co. Ltd.», «Eagescot Trading Co. Ltd.». «World Chess». «Amerco Oil International Ltd.». «Parus Management».

2

«Glencore Oil Projects AG» («GOPAG»). В результате хищения и злоупотребления фирме «Калмнефть» причинен финансовый ущерб на сумму более 6.500.000 USD.

11 мая 2004 года следователь Буцкая С.В. с согласия первого заместителя прокурора Республики Калмыкия Воронкова Ю.В. постановлением возбуждал перед Элистинским городским судом ходатайство о производстве выемки документов в банке «Bankers Trust Company» (USA, New York, NY) мотивируя тем, что в ходе следствия установлено что часть похищенных денег Дагинов перечислил со счета фирмы «Briarwise International Limited» на счет № UDS 04-400-730/64607/80424, открытый предположительно на имя Rima Jokubauskaite - одного из фиктивных руководителей «Briarwise International Limited», в банке «Bankers Trust Company» ( USA, New York, NY).

Для документального подтверждения добытых в ходе предварительного расследования сведений, а также для установления лиц, причастных к перечислению похищенных денег, просит разрешение на производство выемки в банке подлинных документов: юридические дела (учредительных, регистрационных документов, договора об открытии счета, карточки с образцами подписи и других) владельца счета № UDS 04-400-730/64607/80424, всех документов, отражающих движение денег по указанному счету с момента его открытия по настоящее время, в том числе, банковских документов, подтверждающих перечисление на счет фирмой «Briarwise International Limited» следующих сумм: 24 сентября 1998 года на имя Rima Jokubauskaite - 2.500 USD, 26 января 1999 года на имя Rima Jokubauskaite - 800 USD.

Рассмотрев ходатайство следователя, прихожу к следующим выводам.

В соответствии со статьями 29 часть 2 пункт 7, 183 и 165 Уголовно-процессуального кодекса Российской Федерации только суд правомочен принять решение о производстве выемки документов, содержащих информацию о вкладах и счетах граждан в банках и иных кредитных организациях при наличии информации о том, что в этих банках находятся предметы и документы, имеющие значение для уголовного дела.

Из представленных материалов видно, что преступление, в совершении которого подозревается Дагинов, сопряжено с безналичным переводом денежных средств на счет, находящийся в банке «Bankers Trust Company» ( USA, New York, NY). Документы, связанные с финансовыми операциями по перечислению денежных средств со счета фирмы «Briarwise International Limited», на счет № UDS 04-400-730/64607/80424 в банке «Bankers Trust Company», несущие в себе информацию о владельцах этого счета, имеют значение для установления истины по расследуемому следователем Буцкой С.В. уголовному делу № 101123.

При таких обстоятельствах считаю, что заявленное ходатайство подлежит удовлетворению, и в банке «Bankers Trust Company»  должна быть произведена выемка оригиналов документов: юридического дела (учредительных, регистрационных документов, договора об открытии счета, карточки с образцами подписи и других) владельца счета № UDS 04-400-730/64607/80424, всех документов, отражающих движение денег по указанному счету с момента его открытия по настоящее время, в том числе, банковских документов, подтверждающих перечисление на счет фирмой «Briarwise International Limited» следующих сумм: 24 сентября 1998 года на имя Rima Jokubauskaite - 2.500 USD, 26 января 1999 года  на имя Rima Jokubauskaite - 800 USD.

На основании изложенного и руководствуясь статьями 165 и 183 УПК РФ,

п о с т а н о в и л :

Разрешить производство выемки оригиналов документов: юридического дела (учредительных, регистрационных документов, договора о

3

карточки с образцами подписи и других) владельца счета № UDS 04-400-730/64607/80424, всех документов, отражающих движение денег по указанному счету с момента его открытия по настоящее время, в том числе, банковских документов, подтверждающих перечисление на счет фирмой «Briarwise International Limited» следующих сумм: 24 сентября 1998 года на имя Rima Jokubauskaite - 2.500 USD, 26 января 1999 года на имя Rima Jokubauskaite - 800 USD в банке «Bankers Trust Company» ( USA, New York, NY).

Настоящее постановление может быть обжаловано в судебную коллегию по уголовным делам Верховного Суда Республики Калмыкия через Элистинский городской суд в течение 10 суток со дня вынесения.

Судья Элистинского городского суда
Республики Калмыкия                                                          О.А.Руднева



Material № 3/ 4- 31/2004

## R E S O L U T I O N
### on permission to make a withdrawal in the bank

the city of Elista                                               May 12, 2004

Rudneva O.A., a judge of the Elista city court of the Kalmyk Republic, with the participation of Babugoev K.A., a prosecutor of the Prosecutor's Office of the Kalmyk Republic and Javakaeva D.G., a secretary,

as well as Butskaya S. V., a senior investigator of the most serious cases investigative department of the Prosecutor's Office of the Kalmyk Republic,

has considered the resolution of the investigator Butskaya S.V. to initiate in court the petition concerning a withdrawal of the documents in the bank "Bankers Trust Company" (USA, New York, NY) connected with the investigation of criminal case № 101123.

Having checked up the submitted materials and having heard the opinions of the public prosecutor Babugoev K.A., and that of the investigator Butskaya S.V., the judge

## H A S   F O U N D   O U T:

On December, 26, 2001 the investigator of the investigative department of the Ministry of Internal Affairs of the Kalmyk Republic Mandzhiev V.N. initiated criminal case № 101123 against Daginov V.N. on the abuse of his first deputy general director's power in the joint-stock company "Kalmneft", whose actions being the sign of the crime stipulated by Part 1, Article 201 of the Criminal code of the Russian Federation.

Daginov V.N. is suspected by the investigative body of having committed the specified crime under the following circumstances.

On March 10, 1998 in Moscow the leaders of the JSC "Kalmneft" (50 Pushkin Street, the town of Elista, Kalmykia, Russia) and the firm " Briarwise International Limited " (Ireland, 20 Clarnwilliam Terrace, Dublin 2, Eire) made contract № 003981003-AB about delivery of 1.000.000 tons of petroleum to this Irish firm. Later on they planned to deliver some quantity of petroleum to the firm " Glencore International AG " (Baarermattstrasse 3, P.O. Box 555, CH-6341 Baar, Switzerland).

On March 19, 1998 on the basis of the above-mentioned contract Daginov empowered to act for the JSC "Kalmneft" concluded the tripartite agreement on an advanced payment for the delivery of petroleum with " Briarwise International Limited " and " Glencore International AG ". To fulfill the agreement the firm " Glencore International AG " on April 1, 1998 transferred 7.000.000 USD as an advanced payment to the firm "Briarwise International Limited" on account of petroleum delivery from the JSC "Kalmneft".

Daginov, being one of the chiefs of the JSC "Kalmneft", at the same time was a joint owner of " Glencore International AG " and the chairman of the board of directors of " Briarwise International Limited ". Daginov is suspected of concealing the latter circumstance from the shareholders of the JSC "Kalmneft" on making the above-mentioned contract and agreement. Having held the mentioned offices in the mercenary purposes, Daginov embezzled a significant part of the money resources received by the firm " Briarwise International Limited ", which were meant to the further transferring to the JSC "Kalmneft".

On the basis of the information presented by the preliminary investigative body, he managed to embezzle by transferring from the account of the firm "Briarwise International Limited" more than 1.390.000 USD on his personal, his daughter's and other persons' bank accounts, and besides he transferred more than 5.140.000 USD on the accounts of the firms listed below: " Glenarch Limited ", " Gilda Trading Co. Ltd. ", " Ladesco Trading Co. Ltd. ", " World Chess ", " Amerco Oil International Ltd. ", " Parus Management ", " Glencore Oil Projects AG " ("GOPAG"). As a result of embezzlement and abusing of his powers, Daginov caused financial damages to the JSC "Kalmneft" estimated at more than 6.500.000. USD.

On May 11, 2004 according to the resolution and by consent of the first deputy prosecutor of the Kalmyk Republic Voronkov S.V., the investigator Butskaya S.V. initiated in Elista city court a petition concerning a withdrawal of the documents in the bank " Bankers Trust Company" (USA, New York, NY), the motive suggested was as follows: during the preliminary investigation it has been established that Daginov transferred a part of the embezzled money from the account of the firm "Briarwise International Limited" on account № USD 04-400-730/64607/80424, which was presumably opened in the name of one of the fictitious directors of the firm "Briarwise International Limited", Rima Jokubauskaite in the bank "Bankers Trust Company" (USA, New York, NY).

In order to get the documentary evidence of the stated facts and to ascertain the persons involved in the transferring of the embezzled money, they ask to permit a withdrawal of the original documents in the above-mentioned bank, including: the legal file (the constitutive and registration documents, the contract on the opening of the account, the card with the samples of the signature and other documents) of the holder of account № USD 04-400-730/64607/80424, as well as all the documents reflecting the money movement within the above-mentioned account from the moment of its opening till the present time, including the bank documents that confirm the transferring of the following sums on the mentioned account by the firm "Briarwise International Limited": on the 24th of September, 1998 – 2.500 USD addressed to Rima Jokubauskaite, on the 26th of January, 1999 — 800 USD addressed to Rima Jokubauskaite.

Having considered the petition of the inspector, I come to the following conclusions.

In accordance with article 29 part 2 point 7, articles 185 and 165 of the Criminal - remedial code of the Russian Federation only court is competent to make the decision concerning a withdrawal of documents containing the

information on accounts and deposits of citizens in banks and other credit organizations, on the presence of the information that in these banks there are subjects and the documents being of importance for criminal case investigation.

On the basis of the submitted materials, the crime, Daginov being suspected of, is connected with the transferring of money by written payment order on the account in the bank "Bankers Trust Company" (USA, New York, NY). The documents connected with the money transferring from the account of the firm "Briarwise International Limited" on account № USD 04-400-730/64607/80424 in the bank "Bankers Trust Company" and containing the information on the holders of this account are of importance for finding truth on criminal case № 101123, being investigated by Butskaya S.V.

Under such circumstances I think, that the declared petition is subject to satisfaction, and in the bank "Bankers Trust Company" it is necessary to withdraw the original documents, including: the legal file (the constitutive and registration documents, the contract on the opening of the account, the card with the samples of the signature and other documents) of the holder of account № USD 04-400-730/64607/80424, as well as all the documents reflecting the money movement within the above-mentioned account from the moment of its opening till the present time, including the bank documents that confirm the transferring of the following sums on this account by the firm "Briarwise International Limited": on the 24th of September, 1998 – 2.500 USD addressed to Rima Jokubauskaite, on the 26th of January, 1999 — 800 USD addressed to Rima Jokubauskaite.

On the basis of the stated facts and guided by articles 165 and 183 of the Criminal - remedial code of the Russian Federation, the judge

## HAS RESOLVED:

To permit a withdrawal of the following original documents in the bank "Bankers Trust Company" (USA, New York, NY): the legal file (the constitutive and registration documents, the contract on the opening of the account, the card with the samples of the signature and other documents) of the holder of account № USD 04-400-730/64607/80424, as well as all the documents reflecting the money movement within the above-mentioned account from the moment of its opening till the present time, including the bank documents that confirm the transferring of the following sums on this account by the firm "Briarwise International Limited": on the 24th of September, 1998 – 2.500 USD addressed to Rima Jokubauskaite, on the 26th of January, 1999 — 800 USD addressed to Rima Jokubauskaite.

The present resolution can be appealed in the judicial board on criminal cases of the Supreme Court of the Kalmyk Republic through the Elista city court within 10 days from the date of its passing.

The Judge of the Elista city court
of the Kalmyk Republic

Материал № 3/4-32/2004

## ПОСТАНОВЛЕНИЕ
### о разрешении производства выемки в банке

город Элиста                                                    12 мая 2004 года

      Судья Элистинского городского суда Республики Калмыкия **Руднева О.А.**
с участием прокурора отдела прокуратуры Республики Калмыкия **Бабугоева К.А.,**
при секретаре **Явакаевой Д.Г.,**
а также старшего следователя отдела по расследованию особо важных дел следственного управления прокуратуры Республики Калмыкия **Буцкой С.В.,**
рассмотрел постановление следователя Буцкой С.В. о возбуждении ходатайства о производстве выемки документов в банке «Bank of Washington» (USA, 1420 Fifth Ave, Seattle, WA, ABA: 125000105) по уголовному делу № 101123.
      Проверив представленные материалы, заслушав мнение прокурора Бабугоева К.А., следователя Буцкой С.В.,

### у с т а н о в и л :

      26 декабря 2001 года следователем следственного управления при Министерстве внутренних дел Республики Калмыкия Манджиевым В.Н. возбуждено уголовное дело № 101123 по признакам преступления, предусмотренного частью первой ст. 201 УК РФ по факту злоупотребления Дагиновым В.Н. полномочиями первого заместителя генерального директора Акционерного общества открытого типа «Калмнефть».

      Дагинов В.Н. подозревается органом следствия в том, что совершил указанное преступление при следующих обстоятельствах.
      10 марта 1998 года в г. Москве руководством АООТ «Калмнефть» (Российская Федерация, Республика Калмыкия, гор. Элиста, ул. Пушкина, 50) с фирмой «Briarwise International Limited» (Ireland, 20 Clarnwilliam Terrace, Dublin 2, Eire) был подписан контракт № 003981003-AB о продаже этой ирландской фирме 1.000.000 тонн нефти. Впоследствии предполагалась дальнейшая поставка партии нефти фирме «Glencore International AG» (Baarermattstrasse 3, P.O. Box 555, CH-6341 Baar, Switzerland).
      На основании данного контракта Дагинов В.Н., действуя по доверенности от имени АООТ «Калмнефть», 19 марта 1998 года заключил трехстороннее соглашение о предоплате за поставку нефти с фирмами «Briarwise International Limited» и «Glencore International AG». Во исполнение соглашения «Glencore International AG» 1 апреля 1998 года перечислила фирме «Briarwise International Limited» в счет поставки нефти от АООТ «Калмнефть» предоплату в размере 7.000.000 USD.
      Дагинов подозревается в том, что при заключении упомянутых выше контракта и соглашения скрыл от акционеров АООТ «Калмнефть», что, будучи одним из руководителей АООТ «Калмнефть», он одновременно являлся совладельцем «Glencore International AG» и председателем совета директоров «Briarwise International Limited», и, воспользовавшись совмещением указанных должностей, действуя обманным путем в корыстных целях, похитил значительную часть денежных средств, полученных фирмой «Briarwise International Limited», подлежащих дальнейшему перечислению в адрес АООТ «Калмнефть».
      По данным органа предварительного следствия, присвоение им было осуществлено путем перечислений со счета фирмы «Briarwise International Limited» более 1.390.000 USD на свой личный счет и счет дочери. других лиц, а также переводом более 5.140.000 USD на счета фирм «Glenarch Limited», «Gilda Trading Co. Ltd.», «Ladesco Trading Co. Ltd.», «World Chess», «Amerco Oil International Ltd.», «Parus Management».

2

«Glencore Oil Projects AG» («GOPAG»). В результате хищения и злоупотребления фирме «Калмнефть» причинен финансовый ущерб на сумму более 6.500.000 USD.

11 мая 2004 года следователь Буцкая С.В. с согласия первого заместителя прокурора Республики Калмыкия Воронкова Ю.В. постановлением возбудила перед Элистинским городским судом ходатайство о производстве выемки документов в банке «Bank of Washington» (USA, 1420 Fifth Ave, Seattle, WA, ABA: 125000105) мотивируя тем, что в ходе следствия установлено что часть похищенных денег Дагинов перечислил со счета фирмы «Briarwise International Limited» на счет № 0017926585 фирмы «Gilda Trading Co. Ltd.» владелицей которой является его дочь – Galina (Gilana) Daginova, открытый в банке «Bank of Washington» (Seattle, WA).

Для документального подтверждения добытых в ходе предварительного расследования сведений, а также для установления лиц, причастных к перечислению похищенных денег, просит разрешение на производство выемки в банке подлинных документов: юридического дела (учредительных, регистрационных документов, договора об открытии счета, карточки с образцами подписи и других) владельца счета № 0017926585, всех документов, отражающих движение денег по счету с момента его открытия по настоящее время, в том числе банковских документов, подтверждающих перечисление на этот счет фирмой «Briarwise International Limited» следующих сумм: 6 апреля 1998 года - 500.000 USD, 6 апреля 1998 года - 8.329 USD, 21 апреля 1998 года - 400.000 USD.

Рассмотрев ходатайство следователя, прихожу к следующим выводам.

В соответствии со статьями 29 часть 2 пункт 7, 183 и 165 Уголовно-процессуального кодекса Российской Федерации только суд правомочен принять решение о производстве выемки документов, содержащих информацию о вкладах и счетах граждан в банках и иных кредитных организациях при наличии информации о том, что в этих банках находятся предметы и документы, имеющие значение для уголовного дела.

Из представленных материалов видно, что преступление, в совершении которого подозревается Дагинов, сопряжено с безналичным переводом денежных средств на счет, находящийся в банке «Bank of Washington» (USA, 1420 Fifth Ave, Seattle, WA, ABA: 125000105). Документы, связанные с финансовыми операциями по перечислению денежных средств со счета фирмы «Briarwise International Limited», на счет № 0017926585 фирмы «Gilda Trading Co. Ltd.» владелицей которой является дочь подозреваемого – Дагинова Г. - Galina (Gilana) Daginova, открытый в банке «Bank of Washington» (Seattle, WA), несущие в себе информацию о владельцах этого счета, имеют значение для установления истины по расследуемому следователем Буцкой С.В. уголовному делу № 101123.

При таких обстоятельствах считаю, что заявленное ходатайство подлежит удовлетворению, и в банке «Bank of Washington» должна быть произведена выемка оригиналов документов: юридического дела (учредительных, регистрационных документов, договора об открытии счета, карточки с образцами подписи и других) владельца счета № 0017926585, всех документов, отражающих движение денег по счету с момента его открытия по настоящее время, в том числе банковских документов, подтверждающих перечисление на этот счет фирмой «Briarwise International Limited» следующих сумм: 6 апреля 1998 года - 500.000 USD, 6 апреля 1998 года - 8.329 USD, 21 апреля 1998 года - 400.000 USD.

На основании изложенного и руководствуясь статьями 165 и 183 УПК РФ,

ПОСТАНОВИЛ:

Разрешить производство выемки оригиналов документов: юридического дела (учредительных, регистрационных документов, договора об открытии счета, карточки с образцами подписи и других) владельца счета № 0017926585, всех документов, отражающих движение денег по счету с момента его открытия по настоящее время, в том числе банковских документов, подтверждающих перечисление на этот счет фирмой «Briarwise International Limited» следующих сумм: 6 апреля 1998 года - 500.000 USD, 6 апреля 1998 года - 8.329 USD, 21 апреля 1998 года - 400.000 USD в банке «Bank of Washington» (USA, 1420 Fifth Ave, Seattle, WA, ABA: 125000105).

Настоящее постановление может быть обжаловано в судебную коллегию по уголовным делам Верховного Суда Республики Калмыкия через Элистинский городской суд в течение 10 суток со дня вынесения.

Судья Элистинского городского суда
Республики Калмыкия                                                      О.А.Руднева



## R E S O L U T I O N
on permission to make a withdrawal in the bank

the city of Elista                                           May 12, 2004

Rudneva O.A., a judge of the Elista city court of the Kalmyk Republic, with the participation of Babugoev K.A., a prosecutor of the Prosecutor's Office of the Kalmyk Republic and Javakaeva D.G., a secretary,
as well as Butskaya S. V., a senior investigator of the most serious cases investigative department of the Prosecutor's Office of the Kalmyk Republic,
has considered the resolution of the investigator Butskaya S.V. to initiate in court the petition concerning a withdrawal of the documents in the bank "Bank of Washington" (USA, 1420 Fifth Ave, Seattle, WA, ABA: 125000105) connected with the investigation of criminal case № 101123.

Having checked up the submitted materials and having heard the opinions of the public prosecutor Babugoev K.A., and that of the investigator Butskaya S.V., the judge

### H A S   F O U N D   O U T:

On December, 26, 2001 the investigator of the investigative department of the Ministry of Internal Affairs of the Kalmyk Republic Mandzhiev V.N. initiated criminal case № 101123 against Daginov V.N. on the abuse of his first deputy general director's power in the joint-stock company "Kalmneft", whose actions being the sign of the crime stipulated by Part 1, Article 201 of the Criminal code of the Russian Federation.

Daginov V.N. is suspected by the investigative body of having committed the specified crime under the following circumstances.

On March 10, 1998 in Moscow the leaders of the JSC "Kalmneft" (50 Pushkin Street, the town of Elista, Kalmykia, Russia) and the firm " Briarwise International Limited " (Ireland, 20 Clarnwilliam Terrace, Dublin 2, Eire) made contract № 003981003-AB about delivery of 1.000.000 tons of petroleum to this Irish firm. Later on they planned to deliver some quantity of petroleum to the firm " Glencore International AG " (Baarermattstrasse 3, P.O. Box 555, CH-6341 Baar, Switzerland).

On March 19, 1998 on the basis of the above-mentioned contract Daginov empowered to act for the JSC "Kalmneft" concluded the tripartite agreement on an advanced payment for the delivery of petroleum with " Briarwise International Limited " and " Glencore International AG ". To fulfill the agreement the firm " Glencore International AG " on April 1, 1998 transferred 7.000.000 USD as an advanced payment to the firm "Briarwise International Limited " on account of petroleum delivery from the JSC "Kalmneft".

Daginov, being one of the chiefs of the JSC "Kalmneft", at the same time was a joint owner of " Glencore International AG " and the chairman of the board of directors of " Briarwise International Limited ". Daginov is suspected of concealing the latter circumstance from the shareholders of the JSC "Kalmneft" on making the above-mentioned contract and agreement. Having held the mentioned offices in the mercenary purposes, Daginov embezzled a significant part of the money resources received by the firm " Briarwise International Limited ", which were meant to the further transferring to the JSC "Kalmneft".

On the basis of the information presented by the preliminary investigative body, he managed to embezzle by transferring from the account of the firm "Briarwise International Limited" more than 1.390.000 USD on his personal, his daughter's and other persons' bank accounts, and besides he transferred more than 5.140.000 USD on the accounts of the firms listed below: " Glenarch Limited ", " Gilda Trading Co. Ltd. ", " Ladesco Trading Co. Ltd. ", " World Chess ", " Amereo Oil International Ltd. ", " Parus Management ", " Glencore Oil Projects AG " ("GOPAG"). As a result of embezzlement and abusing of his powers, Daginov caused financial damages to the JSC "Kalmneft" estimated at more than 6.500.000. USD.

On May 11, 2004 according to the resolution and by consent of the first deputy prosecutor of the Kalmyk Republic Voronkov S.V. the investigator Butskaya S.V. initiated in Elista city court a petition concerning a withdrawal of the documents in the bank "Bank of Washington" (USA, 1420 Fifth Ave, Seattle, WA, ABA: 125000105), the motive suggested was as follows: during the preliminary investigation it has been established that Daginov transferred a part of the embezzled money from the account of the firm "Briarwise International Limited" on account № 0017926585 of the firm "Gilda Trading Co. Ltd.", whose owner is his daughter Galina (Gilana) Daginova; the specified account was opened in the bank "Bank of Washington" (Seattle, WA).

In order to get the documentary evidence of the stated facts and to ascertain the persons involved in the transferring of the embezzled money, they ask to permit a withdrawal of the original documents in the above-mentioned bank, including: the legal file (the constitutive and registration documents, the contract on the opening of the account, the card with the samples of the signature and other documents) of the holder of account № 0017926585, as well as all the documents reflecting the money movement within the above-mentioned account from the moment of its opening till the present time, including the bank documents that confirm the transferring of the following sums by the firm "Briarwise International Limited": on the 6th of April, 1998 – 500.000 USD, on the 6th of April, 1998 — 8.329 USD, on the 21st of April, 1998 — 400.000 USD.

Having considered the petition of the inspector, I come to the following conclusions.

In accordance with article 29 part 2 point 7, articles 183 and 165 of the Criminal - remedial code of the Russian Federation only court is competent to make the decision concerning a withdrawal of documents, containing the information on accounts and deposits of citizens in banks and other credit

3

organizations, on the presence of the information that in these banks there are subjects and the documents being of importance for criminal case investigation.

On the basis of the submitted materials, the crime, Daginov being suspected of, is connected with the transferring of money by written payment order on the account in the bank "Bank of Washington" (USA, 1420 Fifth Ave, Seattle, WA, ABA: 125000105). The documents connected with the money transferring from the account of the firm "Briarwise International Limited" on account № 0017926585 of the firm "Gilda Trading Co. Ltd.", whose owner is the daughter of the suspect — Daginova G. — (Galina (Gilana) Daginova) (the mentioned account was opened in the bank "Bank of Washington" (Seattle, WA) and containing the information on the holders of this account are of importance for finding truth on criminal case № 101123 being investigated by Butskaya S.V.

Under such circumstances I think, that the declared petition is subject to satisfaction, and in the bank "Bank of Washington" it is necessary to withdraw the original documents, including: the legal file (the constitutive and registration documents, the contract on the opening of the account, the card with the samples of the signature and other documents) of the holder of account № 0017926585, as well as all the documents reflecting the money movement within the above-mentioned account from the moment of its opening till the present time, including the bank documents that confirm the transferring of the following sums on this account by the firm "Briarwise International Limited": on the 6th of April, 1998 – 500.000 USD, on the 6th of April, 1998 — 8.329 USD, on the 21st of April, 1998 — 400.000 USD.

On the basis of the stated facts and guided by articles 165 and 183 of the Criminal - remedial code of the Russian Federation, the judge

## HAS RESOLVED:

To permit a withdrawal of the following original documents in the bank "Bank of Washington" (USA, 1420 Fifth Ave, Seattle, WA, ABA: 125000105): the legal file (the constitutive and registration documents, the contract on the opening of the account, the card with the samples of the signature and other documents) of the holder of account № 0017926585, as well as all the documents reflecting the money movement within the above-mentioned account from the moment of its opening till the present time, including the bank documents that confirm the transferring of the following sums by the firm "Briarwise International Limited": on the 6th of April, 1998 – 500.000 USD, on the 6th of April, 1998 — 8.329 USD, on the 21st of April, 1998 — 400.000 USD.

The present resolution can be appealed in the judicial board on criminal cases of the Supreme Court of the Kalmyk Republic through the Elista city court within 10 days from the date of its passing.

The Judge of the Elista city court
of the Kalmyk Republic                                          Rudneva O.A.

Материал № 3/4-35/2004

## ПОСТАНОВЛЕНИЕ
### о разрешении производства выемки в банке

город Элиста                                                    12 мая 2004 года

Судья Элистинского городского суда Республики Калмыкия **Руднева О.А.** с участием прокурора отдела прокуратуры Республики Калмыкия **Бабугоева К.А.,** при секретаре **Явакаевой Д.Г.,** а также старшего следователя отдела по расследованию особо важных дел следственного управления прокуратуры Республики Калмыкия **Буцкой С.В.,** рассмотрел постановление следователя Буцкой С.В. о возбуждении ходатайства о производстве выемки документов в банке «The Bank of New York» (New York, 48 Wall St. NY, 10286, USA) по уголовному делу № 101123.

Проверив представленные материалы, заслушав мнение прокурора Бабугоева К.А., следователя Буцкой С.В.,

#### у с т а н о в и л:

26 декабря 2001 года следователем следственного управления при Министерстве внутренних дел Республики Калмыкия Манджиевым В.Н. возбуждено уголовное дело № 101123 по признакам преступления, предусмотренного частью первой ст. 201 УК РФ по факту злоупотребления Дагиновым В.Н. полномочиями первого заместителя генерального директора Акционерного общества открытого типа «Калмнефть».

Дагинов В.Н. подозревается органом следствия в том, что совершил указанное преступление при следующих обстоятельствах.

10 марта 1998 года в г. Москве руководством АООТ «Калмнефть» (Российская Федерация, Республика Калмыкия, гор. Элиста, ул. Пушкина, 50) с фирмой «Briarwise International Limited» (Ireland, 20 Clarnwilliam Terrace, Dublin 2, Eire) был подписан контракт № 003981003-АВ о продаже этой ирландской фирме 1.000.000 тонн нефти. Впоследствии предполагалась дальнейшая поставка партии нефти фирме «Glencore International AG» (Baarermattstrasse 3, P.O. Box 555, CH-6341 Baar, Switzerland).

На основании данного контракта Дагинов В.Н., действуя по доверенности от имени АООТ «Калмнефть», 19 марта 1998 года заключил трехстороннее соглашение о предоплате за поставку нефти с фирмами «Briarwise International Limited» и «Glencore International AG». Во исполнение соглашения «Glencore International AG» 1 апреля 1998 года перечислила фирме «Briarwise International Limited» в счет поставки нефти от АООТ «Калмнефть» предоплату в размере 7.000.000 USD.

Дагинов подозревается в том, что при заключении упомянутых выше контракта и соглашения скрыл от акционеров АООТ «Калмнефть», что, будучи одним из руководителей АООТ «Калмнефь», он одновременно являлся совладельцем «Glencore International AG» и председателем совета директоров «Briarwise International Limited», и, воспользовавшись совмещением указанных должностей, действуя обманным путем в корыстных целях, похитил значительную часть денежных средств, полученных фирмой «Briarwise International Limited», подлежащих дальнейшему перечислению в адрес АООТ «Калмнефть».

По данным органа предварительного следствия, присвоение им было осуществлено путем перечислений со счета фирмы «Briarwise International Limited» более 1.390.000 USD на свой личный счет и счет дочери, других лиц, а также переводом более 5.140.000 USD на счета фирм «Glenarch Limited», «Gilda Trading Co. Ltd.», «Ladesco Trading Co. Ltd.», «World Chess», «Amerco Oil International Ltd.», «Parus Management»

2

«Glencore Oil Projects AG» («GOPAG»). В результате хищения и злоупотребления фирме «Калмнефть» причинен финансовый ущерб на сумму более 6.500.000 USD.

11 мая 2004 года следователь Буцкая С.В. с согласия первого заместителя прокурора Республики Калмыкия Воронкова Ю.В. постановлением возбудила перед Элистинским городским судом ходатайство о производстве выемки документов в банке «The Bank of New York» мотивируя тем, что в ходе следствия установлено что часть похищенных денег Дагинов перечислил со счета фирмы «Briarwise International Limited» на счет № 6173065947, открытый на имя Дагинова Артема Витальевича в банке «The Bank of New York» (US, New York,  NY). Кроме того, хищение денег со счетов «Briarwise International Limited» осуществлялось Дагиновым с использованием корреспондентского счета № USD 890-0096-993, предположительно открытого на имя Rima Jokubauskaite  (Shestakova Rima) - одного из фиктивных директоров фирмы «Briarwise International Limited» в  банке «The Bank of New York» (US ,New York,  NY).

Для документального подтверждения добытых в ходе предварительного расследования сведений, а также для установления лиц, причастных к перечислению похищенных денег, просит разрешение на производство выемки в банке подлинных документов: юридических дел (учредительных, регистрационных документов, договоров об открытии счетов, карточек с образцами подписей и других) владельцев счетов № 6173065947 и № USD 890-0096-993, а также всех документов, отражающих движение денег по указанным счетам с момента их открытия по настоящее время, в том числе, банковских документов, подтверждающих перечисление фирмой «Briarwise International Limited» сумм на счет № USD 890-0096-993 (6 апреля 1998 года - 700 USD, 3 июня 1998 года - 2.000 USD, 27 июля 1998 года -  500 USD).

Рассмотрев ходатайство следователя, прихожу к следующим выводам.

В соответствии со статьями 29 часть 2 пункт 7, 183  и 165 Уголовно-процессуального кодекса Российской Федерации только суд правомочен принять решение о производстве выемки документов, содержащих информацию о вкладах и счетах граждан в банках и иных кредитных организациях при наличии информации о том, что в этих банках находятся предметы и документы, имеющие значение для уголовного дела.

Из представленных материалов видно, что преступление, в совершении которого подозревается Дагинов, сопряжено с безналичным переводом денежных средств через банк «The Bank of New York». Документы, связанные с финансовыми операциями по перечислению денежных средств со счета фирмы «Briarwise International Limited», на счет № 6173065947, открытый на имя Дагинова Артема Витальевича в банке «The Bank of New York» (US, New York,  NY), а также с операциями по корреспондентскому счету № USD 890-0096-993, несущие в себе информацию о владельцах этих счетов, имеют значение для установления истины по расследуемому следователем Буцкой С.В. уголовному делу № 101123.

При таких обстоятельствах считаю, что заявленное ходатайство подлежит удовлетворению, и в банке «The Bank of New York» (New York,  48  Wall  St. NY, 10286, USA) должна быть произведена выемка документов: юридических дел (учредительных, регистрационных документов, договоров об открытии счетов, карточек с образцами подписей и других) владельцев счетов № 6173065947 и № USD 890-0096-993, а также всех документов, отражающих движение денег по указанным счетам с момента их открытия по настоящее время, в том числе, банковских документов, подтверждающих перечисление фирмой «Briarwise International Limited» сумм на счет № USD 890-0096-993 (6 апреля 1998 года - 700 USD, 3 июня 1998 года - 2.000 USD, 27 июля 1998 года - 500 USD).

3

На основании изложенного и руководствуясь статьями 165 и 183 УПК РФ,

**п о с т а н о в и л :**

Разрешить производство выемки документов: юридических дел (учредительных, регистрационных документов, договоров об открытии счетов, карточек с образцами подписей и других) владельцев счетов № 6173065947 и № USD 890-0096-993, а также всех документов, отражающих движение денег по указанным счетам с момента их открытия по настоящее время, в том числе, банковских документов, подтверждающих перечисление **фирмой «Briarwise International Limited» сумм на счет № USD 890-0096-993 (6 апреля 1998 года - 700 USD, 3 июня 1998 года - 2.000 USD, 27 июля 1998 года -  500 USD) в банке «The Bank of New York» (New York,  48  Wall  St. NY, 10286, USA).**

Настоящее постановление может быть обжаловано в судебную коллегию по уголовным делам Верховного Суда Республики Калмыкия через Элистинский городской суд в течение 10 суток со дня вынесения.

Судья Элистинского городского суда
Республики Калмыкия                                                                О.А.Руднева

Material № 3/ 4- 35/2004

## RESOLUTION
## on permission to make a withdrawal in the bank

the city of Elista                                                                              May 12, 2004

Rudneva O.A., a judge of the Elista city court of the Kalmyk Republic, with the participation of Babugoev K.A., a prosecutor of the Prosecutor's Office of the Kalmyk Republic and Javakaeva D.G., a secretary,

as well as Butskaya S. V., a senior investigator of the most serious cases investigative department of the Prosecutor's Office of the Kalmyk Republic,

has considered the resolution of the investigator Butskaya S.V. to initiate in court the petition concerning a withdrawal of the documents in the bank "The Bank of New York" (New York, 48 Wall St. NY, 10286, USA) connected with the investigation of criminal case № 101123.

Having checked up the submitted materials and having heard the opinions of the public prosecutor Babugoev K.A., and that of the investigator Butskaya S.V., the judge

## HAS FOUND OUT:

On December, 26, 2001 the investigator of the investigative department of the Ministry of Internal Affairs of the Kalmyk Republic Mandzhiev V.N. initiated criminal case № 101123 against Daginov V.N. on the abuse of his first deputy general director's power in the joint-stock company "Kalmneft", whose actions being the sign of the crime stipulated by Part 1, Article 201 of the Criminal code of the Russian Federation.

Daginov V.N. is suspected by the investigative body of having committed the specified crime under the following circumstances.

On March 10, 1998 in Moscow the leaders of the JSC "Kalmneft" (50 Pushkin Street, the town of Elista, Kalmykia, Russia) and the firm " Briarwise International Limited " (Ireland, 20 Clarnwilliam Terrace, Dublin 2, Eire) made contract № 003981003-AB about delivery of 1.000.000 tons of petroleum to this Irish firm. Later on they planned to deliver some quantity of petroleum to the firm " Glencore International AG " (Baarermattstrasse 3, P.O. Box 555, CH-6341 Baar, Switzerland).

On March 19, 1998 on the basis of the above-mentioned contract Daginov empowered to act for the JSC "Kalmneft" concluded the tripartite agreement on an advanced payment for the delivery of petroleum with " Briarwise International Limited " and " Glencore International AG ". To fulfill the agreement the firm " Glencore International AG " on April 1, 1998 transferred 7.000.000 USD as an advanced payment to the firm "Briarwise International Limited " on account of petroleum delivery from the JSC "Kalmneft".

Daginov,  being one of the chiefs of the JSC "Kalmneft", at the same time was a joint owner of " Glencore International AG " and the chairman of the board of directors  of " Briarwise International Limited ". Daginov is suspected of concealing the latter circumstance from the shareholders of the JSC "Kalmneft" on making the above-mentioned contract and agreement. Having held the mentioned offices in the mercenary purposes, Daginov  embezzled a significant part of the money resources received by the firm " Briarwise International Limited ", which were meant to the further transferring to the JSC "Kalmneft".

On the basis of the information presented by the preliminary investigative body, he managed to embezzle by transferring from the account of the firm "Briarwise International Limited" more than 1.390.000 USD on his personal, his daughter's and other persons' bank accounts, and besides he transferred more than 5.140.000 USD on the accounts of the firms listed below: " Glenarch Limited ", " Gilda Trading Co. Ltd. ", " Ladesco Trading Co Ltd. ", " World Chess ", " Amerco Oil International Ltd. ", " Parus Management ", " Glencore Oil Projects AG " ("GOPAG"). As a result of embezzlement and abusing of his powers, Daginov caused financial damages to the JSC  "Kalmneft" estimated at more than 6.500.000. USD.

On May 11, 2004 according to the resolution and by consent of the first deputy prosecutor of the Kalmyk Republic Voronkov S.V. the investigator Butskaya S.V. initiated in Elista city court a petition concerning a withdrawal of the documents in the bank "The Bank of New York", the motive suggested was as follows: during the preliminary investigation it has been established that Daginov transferred a part of the embezzled money from the account of the firm "Briarwise International Limited" on account № 6173065947, which was opened in the bank "The Bank of New York" (US, New York, NY) in the name of Daginov Artem Vitalievich. Besides Daginov managed to embezzle using correspondent account № USD 890-0096-993, which was presumably opened in the name of Rima Jokubauskaite (Shestakova Rima) in the bank "The Bank of New York" (US, New York, NY), she being one of the fictitious directors of the firm "Briarwise International Limited".

In order to get the documentary evidence of the stated facts and to ascertain the persons involved in the transferring of the embezzled money, they ask to permit a withdrawal of the original documents in the above-mentioned bank, including: the legal files (the constitutive and registration documents, the contract on the opening of the account, the card with the samples of the signature and other documents) of the holders of accounts № 6173065947 and № USD 890-0096-993, as well as all the documents reflecting the money movement within the above-mentioned accounts from the moment of their opening till the present time, including the bank documents that confirm the transferring of the following sums on account № USD 890-0096-993 by the firm "Briarwise International Limited": on the 6th of April, 1998 – 700 USD, on the 3rd of June, 1998 — 2.000 USD, on the 27th of July, 1998 — 500 USD.

Having considered the petition of the inspector, I come to the following conclusions.

3

In accordance with article 29 part 2 point 7, articles 183 and 165 of the Criminal - remedial code of the Russian Federation only court is competent to make the decision concerning a withdrawal of documents, containing the information on accounts and deposits of citizens in banks and other credit organizations, on the presence of the information that in these banks there are subjects and the documents being of importance for criminal case investigation.

On the basis of the submitted materials, the crime, Daginov being suspected of, is connected with the transferring of money by written payment order through the bank "The Bank of New York". The documents connected with the money transferring from the account of the firm "Briarwise International Limited" on account № 6173065947, which was opened in the name of Daginov Artem Vitalievich in the bank "The Bank of New York" (US, New York, NY) as well as those ones connected with correspondent account № USD 890-0096-993, and containing the information on the holders of these accounts are of importance for finding truth on criminal case № 101123 being investigated by Butskaya S.V.

Under such circumstances I think, that the declared petition is subject to satisfaction, and in the bank "The Bank of New York" (New York, 48 Wall St. NY, 10286, USA) it is necessary to withdraw the documents, including: the legal files (the constitutive and registration documents, the contract on the opening of the account, the card with the samples of the signature and other documents) of the holders of accounts № 6173065947 and № USD 890-0096-993, as well as all the documents reflecting the money movement within the above-mentioned accounts from the moment of their opening till the present time, including the bank documents that confirm the transferring of the following sums on account № USD 890-0096-993 by the firm "Briarwise International Limited": on the 6th of April, 1998 – 700 USD, on the 3rd of June, 1998 –– 2.000 USD, on the 27th of July, 1998 –– 500 USD.

On the basis of the stated facts and guided by articles 165 and 183 of the Criminal - remedial code of the Russian Federation, the judge

## HAS RESOLVED:

To permit a withdrawal of the following original documents in the bank "The Bank of New York" (New York, 48 Wall St. NY, 10286, USA): the legal files (the constitutive and registration documents, the contract on the opening of the account, the card with the samples of the signature and other documents) of the holders of accounts № 6173065947 and № USD 890-0096-993, as well as all the documents reflecting the money movement within the above-mentioned accounts from the moment of their opening till the present time, including the bank documents that confirm the transferring of the following sums on account № USD 890-0096-993 by the firm "Briarwise International Limited": on the 6th of April, 1998 – 700 USD, on the 3rd of June, 1998 –– 2.000 USD, on the 27th of July, 1998 –– 500 USD.

4

The present resolution can be appealed in the judicial board on criminal cases of the Supreme Court of the Kalmyk Republic through the Elista city court within 10 days from the date of its passing.

The Judge of the Elista city court
of the Kalmyk Republic

Rudneva  O.A.

Перевод выполнен ассистентом
кафедры иностранных языков
Калмыцкого госуниверситета
Бередовой Ольгой Сергеевной

Верность перевода удостоверяю

переводчик КГУ Бередова О.С.

# ПОСТАНОВЛЕНИЕ
о производстве выемки

г. Элиста                                               11 мая 2004 г.


Старший следователь отдела по расследованию особо важных дел следственного управления прокуратуры Республики Калмыкия Буцкая С.В., рассмотрев материалы уголовного дела № 101123,

## УСТАНОВИЛ:

Уголовное дело № 101123 возбуждено 26.12.2001 по признакам преступления, предусмотренного ч. 1 ст. 201 УК РФ, по факту злоупотребления Дагиновым В.Н. полномочиями первого заместителя генерального директора АООТ «Калмнефть».

Предварительным следствием установлено:

10.03.98 в гор. Москве руководством АООТ «Калмнефть» (Российская Федерация, Республика Калмыкия, гор. Элиста, ул. Пушкина, 50) с фирмой «Briarwise International Limited» (Ireland, 20 Clarnwilliam Terrace, Dublin 2, Eire) был подписан контракт № 003981003-AB о продаже этой ирландской фирме 1.000.000 тонн нефти. Впоследствии предполагалась дальнейшая поставка партии нефти фирме «Glencore International AG» (Baarermattstrasse 3, P.O. Box 555, CH-6341 Baar, Switzerland).

На основании данного контракта Дагинов, действуя по доверенности от имени АООТ «Калмнефть», 19.03.98 заключил трехстороннее соглашение о предоплате за поставку нефти с фирмами «Briarwise International Limited» и «Glencore International AG».

Во исполнение соглашения «Glencore International AG» 01.04.98 перечислила фирме «Briarwise International Limited» в счет поставки нефти от АООТ «Калмнефть» предоплату в размере 7.000.000 USD.

Из материалов дела следует, что Дагинов, будучи одним из руководителей АООТ «Калмнефь», одновременно являлся совладельцем «Glencore International AG» и председателем совета директоров «Briarwise International Limited». Последнее обстоятельство при заключении упомянутых выше контракта и соглашения было им сокрыто от акционеров АООТ «Калмнефть».

Воспользовавшись совмещением указанных должностей и действуя обманным путем в корыстных целях, Дагинов похитил значительную часть денежных средств, полученных фирмой «Briarwise International Limited» и подлежащих дальнейшему перечислению в адрес АООТ «Калмнефть».

Присвоение им было осуществлено путем перечисления со счета «Briarwise International Limited» более 1.390.000 USD на свой личный счет и счет

2

дочери, других лиц, а также переводом более 5.140.000 USD на счета фирм «Glenarch Limited», «Gilda Trading Co. Ltd.», «Ladesco Trading Co. Ltd.», «World Chess», «Amerco Oil International Ltd.», «Parus Management», «Glencore Oil Projects AG» («GOPAG»).

В результате хищения и злоупотребления Дагиновым своими полномочиями  фирме «Калмнефть» причинен финансовый ущерб на сумму более 6.500.000 USD.

По имеющимся в деле сведениям, часть похищенных денег Дагинов перечислил со счета фирмы «Briarwise International Limited» в банке «Citibank N.A. New York» (USA, New York, NY) на счет № 0463228478423, принадлежащий фирме «World Chess», открытый в банке «Credit Suisse First Boston» (USA,York, NY).

Для документального подтверждения указанных сведений, а также для установления лиц, причастных к перечислению похищенных денег, необходимо произвести выемку в банке «Credit Suisse First Boston» (USA, New York, NY) копий следующих документов:

- юридического дела (учредительных, регистрационных документов, договора об открытии счета, карточки с образцами подписи и других) владельца счета № 0463228478423,

- всех документов, отражающих движение денег по указанному счету с момента его открытия по настоящее время, в том числе, банковских документов, подтверждающих перечисление 10.06.98 на этот счет фирмой «Briarwise International Limited» 500.000 USD.

На основании изложенного и руководствуясь частью первой ст. 183 УПК РФ,

ПОСТАНОВИЛ:

1. Произвести выемку в банке «Credit Suisse First Boston» (USA, New York, NY) копий следующих документов:

- юридического дела (учредительных, регистрационных документов, договора об открытии счета, карточки с образцами подписи и других) владельца счета № 0463228478423,

- всех документов, отражающих движение денег по указанному счету с момента его открытия по настоящее время, в том числе, банковских документов, подтверждающих перечисление 10.06.98 на этот счет фирмой «Briarwise International Limited» 500.000 USD.

2. Копию настоящего постановления направить прокурору Республики Калмыкия.

Следователь



3

Постановление мне предъявлено «____» _____ г. в __ ч

____ мин. _____
(фамилия, имя, отчество лица, у которого производится выемка)

_____
( подпись лица, у которого производится выемка)

Следователь          _____
                                              (подпись)



Enclosure 77

## R E S O L U T I O N
about making a withdrawal

the town of Elista                                                    May 11, 2004

Butskaya S.V., an investigator of the Prosecutor's Office of the Kalmyk Republic having considered the materials of criminal case № 101123

## H A S  F O U N D  O U T :

Criminal case № 101123 was initiated on the 26th of December, 2001 against Daginov V.N., the citizen of the Russian Federation on the abuse of his first deputy director's power in the Joint stock company "Kalmneft", his actions being the sign of the crime  stipulated by part 1, article 201 of the Criminal code of the Russian Federation.

During the preliminary investigation the following facts has been established:

On March 10, 1998 in Moscow the leaders of the JSC "Kalmneft"  (50 Pushkin Street, the town of Elista, Kalmykia, Russia) and the firm  " Briarwise International Limited " (Ireland, 20 Clarnwilliam Terrace, Dublin 2, Eire) made contract № 003981003-AB about delivery of 1.000.000 tons of petroleum to this Irish firm. Later on they planned to deliver some quantity of petroleum to the firm " Glencore International AG " (Baarermattstrasse 3, P.O. Box 555, CH-6341 Baar, Switzerland).

On March 19, 1998 on the basis of the above-mentioned contract Daginov empowered to act for the JSC "Kalmneft" concluded the tripartite agreement on an advanced payment for the delivery of petroleum with " Briarwise International Limited " and " Glencore International AG ".

To fulfill the agreement the firm " Glencore International AG " on April 1, 1998 transferred 7.000.000 USD as an advanced payment to the firm "Briarwise International Limited " on account of petroleum delivery from the JSC "Kalmneft".

As it follows from the materials of the criminal case Daginov,  being one of the chiefs of the JSC "Kalmneft", at the same time was a joint owner of  " Glencore International AG " and the chairman of the board of directors  of " Briarwise International Limited ". On making the above-mentioned contract and agreement the latter circumstance was concealed by him from the shareholders of the JSC "Kalmneft".

Having  held the mentioned offices in the  mercenary purposes, Daginov misappropriated a significant part of the money resources received by the firm " Briarwise International Limited " which were meant to the further transferring to the JSC  "Kalmneft".

He managed to embezzle by transferring more than 1.390.000 USD on his personal, his daughter's and other persons' bank accounts, and besides he transferred more than 5.140.000 USD on the accounts of the firms listed below: " Glenarch Limited ", " Gilda Trading Co. Ltd. ", " Ladesco Trading Co. Ltd. ", " World Chess ", " Amerco Oil International Ltd. ", " Parus Management ", " Glencore Oil Projects AG " ("GOPAG").

As a result of embezzlement and abusing of his powers, Daginov caused financial damages to the JSC "Kalmneft" estimated at more than 6.500.000. USD.

On the basis of the information available Daginov transferred a part of the embezzled money from the account of the firm "Briarwise International Limited" in the bank "Citibank N.A. New York" (USA, New York, NY) on account № 0463228478423, which was opened in the bank "Credit Suisse First Boston" (USA, New York, NY) and belongs to the firm "World Chess". In order to get the documentary evidence of the stated facts and to establish the persons involved in the transferring of the embezzled money, it is necessary to withdraw the copies of the following documents in the bank "Credit Suisse First Boston" (USA, New York, NY):

— the legal file (the constitutive and registration documents, the contract on the opening of the account, the card with the samples of the signature and other documents) of the holder of account № 0463228478423 ,

— all the documents reflecting the money movement within the account from the moment of its opening till the present time, including the bank documents confirming the transferring of 500.000 USD on this account dated the 10th of June 1998 by the firm "Briarwise International Limited".

On the basis of the stated facts and guided by Part 1, Article 183 of the Criminal remedial code of the Russian Federation the investigator

## HAS ESTABLISHED:

1. To withdraw the copies of the following documents in the bank "Credit Suisse First Boston" (USA, New York, NY):

— the legal file (the constitutive and registration documents, the contract on the opening of the account, the card with the samples of the signature and other documents) of the holder of account № 0463228478423,

— all the documents reflecting the money movement within the account from the moment of its opening till the present time, including the bank documents confirming the transferring of 500.000 USD dated the 10th of June 1998 on this account by the firm "Briarwise International Limited".

2. The copy of this resolution should be sent to the Prosecutor's Office of the Kalmyk Republic.

The investigator                                                      Butskaya S.V.

3

The resolution has been produced to me «_____»_____ at

_____a.m/p.m_____
(the surname, the name and the patronymic of the person involved in the withdrawal)

_____
(the signature of the person involved in the withdrawal)

The investigator

_____
(the signature)

*Перевод выполнен ассистентом кафедры иностранных языков калмыцкого госуниверситета Бадмаевой Ольгой Сергеевной. верность перевода удостоверяю Бадмаева О.С.*

